IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 1:06-CR-66-MEF |
| | : | |
| | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. §§ 1343 and 1346 |
| vs. | : | Honest Services Wire Fraud |
| | : | |
| | : | 18 U.S.C. § 201 |
| | : | Bribery |
| JEFFREY HOWARD STAYTON and | : | |
| | : | 18 U.S.C. § 1503 |
| WILLIAM CURTIS CHILDREE, | : | Obstruction of Justice |
| | : | |
| Defendants. | : | |

Government's Request for Pretrial Conference under Section 2
of the Classified Information Procedures Act

The United States of America respectfully moves this Court, pursuant to Section 2 of the

Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, to hold a pretrial conference to

consider matters relating to classified information that may arise in connection with the

above-captioned prosecution, and in support thereof submits a memorandum incorporated herein

to apprise the Court of the applicability of CIPA to issues involving classified information that

may arise before and during the trial of this case.

I.      **Introduction to CIPA**

Two of the most important duties of the Executive Branch are prosecuting violations of

federal criminal laws and protecting the nation's security secrets.  The Supreme Court duly noted

1

that "[i]t is 'obvious and unarguable' that no governmental interest is more compelling than the security of the Nation."  Haig v. Agee, 453 U.S. 280, 307 (1981).

Congress enacted CIPA in 1980 to address the problem of greymail, that is, threats by a defendant to disclose classified information in the course of criminal litigation.  The statute was designed to reconcile a defendant's right to obtain and introduce exculpatory material with the government's duty to protect from disclosure sensitive information that could compromise national security.  See United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998).  Prior to the enactment of CIPA, the government was forced to anticipate whether the defendant would seek to disclose classified information in connection with the litigation of a case and guess whether such information would be admissible.  See United States v. Collins, 720 F.2d 1195, 1196-97 (11th Cir. 1983).

CIPA establishes pretrial, trial, and appellate procedures for federal criminal cases in which there is a possibility that classified information will be publicly disclosed.  Under these procedures, issues concerning the discoverability of classified information by the defendant and/or his counsel are resolved, usually ex parte and in camera, and the government is made aware prior to trial, through in camera hearings, whether classified information will have to be disclosed in open criminal proceedings.  The government can then make an informed decision concerning the costs of going forward with the prosecution.  See generally id.

A key to the CIPA process is the requirement that the defendant provide pretrial written notice of the classified information he reasonably expects to disclose.  The government may then seek a ruling as to whether the proffered classified information is relevant and admissible.  If any of the information is ruled admissible, the government may move that a summary be substituted

2

for it or, alternatively, it may substitute a statement admitting facts that the classified information would tend to prove, thereby obviating the need for disclosure of the specific sensitive information.  If the Court finds such substitution inadequate to preserve the defendant's right to a fair trial and the government continues to object to the use of the information, the Court must order the defendant not to disclose the classified information.  At the government's request, part or all of these proceedings may be held in camera.  See United States v. Pappas, 94 F.3d 795 (2d Cir. 1996).

CIPA also provides ex parte, in camera procedures for the protection of classified information subject to discovery under Fed. R. Crim. P. 16, Brady v. Maryland, 373 U.S. 83 (1963), and Rule 26.2 (formerly the Jencks Act, 18 U.S.C. § 3500 (1976)).  It permits the government to move for and the Court to authorize the deletion of classified information from documents to be made available to the defendant or counsel in discovery, or the substitution of summaries or statements admitting relevant facts for such documents.  See United States v. Yunis, 867 F.2d 617, 621-622 (D.C. Cir. 1989).

## II.    Definitions, Pretrial Conference, Protective Orders and Discovery

### A.    Definition of Terms

Subsection 1(a) of CIPA defines classified information, as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security."  Subsection (b) defines "national security" to mean the "national defense and foreign relations of the United States."

B.    Pretrial Conference

Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  Following such a motion, the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by section 6 [to determine the use, relevance, or admissibility of classified information] of this Act."

Section 2 also provides that "the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial."  Consequently, the court may take up matters concerning security procedures, clearances, and the like.  The legislative history of CIPA emphasizes that while this provision gives the district court the same latitude as under Rule 17.1, no substantive issues concerning the discovery or use of classified information are to be decided in a pretrial conference under Section 2.  See S. Rep. No. 823, 96th Cong., at 5-6, reprinted in 1980 U.S. Code Cong. & Ad. News at 4298-4299.  Instead, CIPA requires such issues to be decided under Sections 4 and 6.

C.    Protective Orders

Section 3 requires the court, upon the request of the government, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case . . . ."  The protective order applies to all materials furnished to the defense under the government's discovery obligations, and may be used to prevent the defendant from disclosing classified information already in his possession.

4

**III.     Discovery of Classified Information by the Defendant**

Section 4 of CIPA, while creating no new rights of or limits on discovery, does require

courts to consider secrecy concerns when applying general discovery rules.  See United States v.

Yunis, 924 F.2d 1086, 1089 (D.C. Cir. 1991).

The Court of Appeals for the District of Columbia Circuit has established a three-pronged

test for the discovery of classified information which, except for the fact that it is classified,

normally would be produced to the defendant under Rule 16.  To be entitled to discovery under

CIPA, a defendant must make a threshold showing that the requested material is relevant to his

case.  If such a showing can be made, the court must determine whether or not the government

has asserted a colorable claim of privilege, that is, that there is a basis for the classification of the

document or information at issue.  If the government has asserted such a claim, the defendant

must show that the information would be helpful to his defense.  See id.

The Ninth Circuit has held that even when a defendant can make these showings, the

court can balance the defendant's interests in obtaining the information against the government's

obligation to protect the national security.  See United States v. Sarkissian, 841 F.2d 959, 965

(9th Cir. 1988).  Indeed, the legislative history of Section 4 makes clear that the court may take

the national security interests into account when considering the government's requests to

preclude discovery of classified information:

> [W]hen pertaining to discovery materials, [Section 4] should be viewed as clarifying the
> court's power under Federal Rule of Criminal Procedure 16(d)(1).  This clarification is
> necessary because some judges have been reluctant to use their authority under the rule
> although the advisory comments of the Advisory Committee on Rules states that "among
> the considerations taken into account by the court" in deciding on whether to permit

discovery to be "denied, restricted or deferred" would be the protection of information vital to the national security.

S. Rep. No. 823, 96th Cong., at 6, reprinted in 1980 U.S. Code Cong. & Ad. News at 4299-4300.

Even if classified information is determined to be discoverable, Section 4 provides that:

[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove.

Thus, upon the request of the government, alternatives to disclosure of classified information may be permitted. Section 4 further provides that the government may demonstrate that the use of such alternatives is warranted in an in camera, ex parte submission to the court alone. See Yunis, 867 F.2d at 619.

## IV.    Sections 5 and 6: Pretrial Evidentiary Rulings

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA. First, the defendant must specify in detail the precise classified information he reasonably expects to disclose. Second, the Court, upon a motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, or admissibility of the proposed evidence. Third, following the 6(a) hearing and formal findings of admissibility by the Court, the government may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

### A.    The Section 5(a) Notice Requirement

Section 5(a) of CIPA requires a defendant who reasonably expects to disclose or to cause the disclosure of classified information at any trial or pretrial proceeding to provide timely

pretrial written notice to the attorney for the government and the Court.  Section 5 specifically

provides that notification shall take place "within the time specified by the court or, where no

time is specified, within thirty days prior to trial."

Particularization is required in providing notice under Section 5(a).  The notice must be

specific because it is the central document in the procedures envisioned under the Act.  As the

Eleventh Circuit explained in <u>United States v. Collins</u>:

> Appellee argues that a mere general statement of the areas about which evidence may be
> introduced is all that is contemplated by Section 5(a)'s requirement that "such notice shall
> include a brief description of the classified information."  It is contended that "a brief
> description" does not demand specificity, thus permitting notice of nothing more than the
> general areas of activity to be revealed in defense.  However, this overlooks that the "brief
> description" is to be of the classified information expected to be disclosed.  "A brief
> description" is not to be translated as "a vague description"; "of <u>the classified
> information</u>" may not be interpreted as "of the areas of activity concerning which
> classified information may be revealed."

> It is of no importance that the government can locate specific data about defendant's
> knowledge of sensitive information in its own records . . . .  The Section 5(a) notice
> requires that the defendant state, with particularity, which items of classified information
> entrusted to him he reasonably expects will be revealed by his defense in this particular
> case.

> The Section 5(a) notice is the central document in CIPA.  After the CIPA procedures have
> been followed, the government should not be surprised at any criminal trial when the
> defense discloses, or causes to be disclosed, any item of classified information.  The
> court, the government and the defendant should be able to repair to the Section 5(a)
> notice and determine, reliably, whether the evidence consisting of classified information
> was contained in it.  The court must not countenance a Section 5(a) notice which allows a
> defendant to cloak his intentions and leave the government subject to surprise at what
> may be revealed in the defense.  To do so would merely require the defendant to reduce
> "greymail" to writing.

720 F.2d 1195, 1199-1200 (11th Cir. 1983).

The particularization requirement applies both to documentary exhibits and to oral

testimony, whether it is anticipated to be brought out on direct or cross-examination.  <u>See</u> <u>id.</u>;

United States v. Wilson, 750 F.2d 7 (2d Cir. 1984).  The Section 5 notice, however, does not require a defendant to provide argument in support of the relevance of particular noticed documents in the notice itself.  Section 5(b) permits the court to preclude the disclosure of classified information if the defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit implementation of CIPA procedures.  See United States v. Badia, 827 F.2d 1458, 1465 (11th Cir. 1987).  In Badia, the court rejected the defendant's claim that he was not obliged to file a Section 5 notice because the government already knew that he would assert a defense involving the Central Intelligence Agency.  The Court observed:

> The government's belief that a defendant may assert a defense involving classified material cannot substitute for the formal notice mandated by § 5(a).  The thirty-day time frame is intended to give the government the opportunity to ascertain the potential harm to national security, and to consider various means of minimizing the cost of disclosure.  Any form of notice provided less than thirty days prior to trial clearly does not permit the government to accomplish this objective.

Badia, 827 F.2d at 1465.  The Eleventh Circuit thus affirmed the lower court's ruling precluding the defendant from raising matters at trial that should have been noticed pursuant to Section 5 of CIPA.  Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of the statute.  See United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985).

B.     The Section 6(a) Hearing

Once the defendant files a notice of intent to disclose classified information under Section 5, the government may then petition the court for a hearing under Section 6(a).  The purpose of the hearing under Section 6(a) of CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the

trial or pretrial proceedings." Section 6(a) further provides for the hearing to be held in camera with both parties present if the Attorney General certifies that a public proceeding may result in the disclosure of classified information.

At the Section 6(a) hearing, the defendant has the burden of establishing that the evidence is relevant and material. See United States v. Miller, 874 F.2d 1255, 1276-77 (9th Cir. 1989). Upon hearing the defense's proffer and the arguments of counsel, the court must then determine whether the classified information identified by the defense is relevant under the standards of Fed. R. Evid. 401. The Court's inquiry does not end there, however, as all relevant evidence is not admissible at trial. Fed. R. Evid. 402. The Court therefore must also determine whether the evidence is excludable under Rule 403. United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984); see also United States v. Cardoen, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995).

The Fourth Circuit requires the district court, in ruling on the admissibility of classified information, to balance the government's interest in protecting national security against the defendant's interest in receiving a fair trial, and has made clear that the admission of such evidence is proper only when it is helpful to the defense or essential to a fair administration of justice. See United States v. Fernandez, 913 F.2d 148, 154 (4th Cir. 1990); United States v. Smith, 780 F.2d 1102, 1107 (4th Cir. 1985). But see Cardoen, 898 F. Supp. at 1571 (declining to adopt such a rule); United States v. Lopez-Lima, 738 F. Supp. 1404, 1411 (S.D. Fla. 1990) (same).

At the conclusion of the Section 6(a) hearing, CIPA requires the court to state in writing the reasons for its determinations as to each item of classified information.

C.    Substitution Pursuant to Section 6(c)

In the event that the Court rules that one or more items of classified information may be admitted, the government has the option then of offering substitutions pursuant to Section 6(c) of CIPA, specifically, either (1) a statement admitting relevant facts that the classified information would tend to prove, or (2) a summary of the classified information instead of the classified information itself.  See United States v. Rezaq, 134 F.3d 1121, 1142-43 (D.C. Cir. 1998).  A motion for substitution shall be granted if the "statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  18 U.S.C. App. 3, § 6(c).

The Court may approve the substitutions provided by the government after conducting a detailed in camera comparison with the originals to determine whether the substitutions protect the defendant's right to a fair trial.  See Rezaq, 134 F.3d at 1142-1143.

D.    Sealing of records of in camera hearings under Section 6(d)

If the Court rules that classified information may not be used, Section 6(d) requires the court to seal and preserve for use in the event of an appeal the records of any in camera hearing held under the Act to decide such questions of admissibility.  The defendant may seek reconsideration of the Court's determination prior to or during trial.

E.    Section 6(e)'s prohibition on disclosure of classified information by defendant and relief for defendant when the government opposes

When the Court determines that specific items of classified information are relevant and admissible and then denies the government's motion for substitution under Section 6(c), Section 6(e)(1) permits the government, by affidavit from the Attorney General, to object to the

disclosure of the classified information at issue.  In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information."  Section 6(e)(1).

Section 6(e) lists the sliding scale of sanctions which the court may impose against the government as a means of compensating for the defendant's inability to present proof regarding specific items of classified information.

## V.     Other Relevant CIPA Procedures

### A.     Interlocutory Appeal

Section 7(a) of the Act provides for an interlocutory appeal by the government from any decision or order of the trial judge "authorizing the disclosure of classified information . . . . [or] refusing a protective order sought by the United States to prevent the disclosure of classified information."  The term "disclosure" within the meaning of Section 7 includes both information that the court orders the government to divulge as well as information already possessed by the defendant that he intends to make public.  See Pappas, 94 F.3d at 799-800.  Section 7(b) instructs the courts of appeals to give expedited treatment to any interlocutory appeal filed under subsection (a).

### B.     Introduction of Classified Information

Section 8(a) provides that "[w]ritings, recordings, and photographs containing classified information may be admitted into evidence without change in their classification status."  This provision simply recognizes that classification is an executive function, and not a judicial one. Thus, Section 8(a) implicitly allows the classifying agency, upon completion of the trial, to decide whether the information has been so compromised during trial that it could no longer be regarded as classified.

In order to prevent unnecessary disclosure of classified information, Section 8(b) permits the court to order admission into evidence of only a part of a writing, recording, or photograph. Alternatively, the court may order into evidence the entire writing, recording, or photograph with redaction of all or part of the classified information contained therein. However, Section 8(b) does not provide grounds for excluding or excising part of a writing or recorded statement which ought in fairness to be considered contemporaneously with it. Thus, the court may admit into evidence part of a writing, recording, or photograph only when fairness does not require the whole document to be considered.

Section 8(c) provides a procedure to address the problem presented during a pretrial or trial proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information not previously found by the court to be admissible. If the defendant knew that a question or line of inquiry would result in disclosure of classified information, he presumably would have given the government notice under Section 5 and the provisions of Section 6(a) would have been implemented. Section 8(c) serves, in effect, as a supplement to the hearing provisions of Section 6(a) to cope with situations which cannot be handled effectively under Section 6, where the defendant does not realize that the answer to a given question will reveal classified information. Upon the government's objection to such a question, the Court must take suitable action to avoid the improper disclosure of classified information.

WHEREFORE, the United States of America requests that the Court schedule a pretrial conference to consider matters relating to classified information that may arise in connection with the above-captioned case, and requests that such pretrial conference be held in advance of the Court's previously scheduled pretrial conference on June 5, preferably during the last week of April or the first week of May.

RESPECTFULLY SUBMITTED,

Andrew C. Lourie
Acting Chief
Public Integrity Section


**s/Shaun M. Palmer**

BY: _____
Shaun M. Palmer
Matthew C. Solomon
Trial Attorneys
U.S. Department of Justice
Criminal Division
Public Integrity Section
10th & Constitution Avenue
Washington, D.C. 20530

_____

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify on this 7th day of April 2006, I electronically file the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Stephen R. Glassroth, Esq.
The Glassroth Law Firm, P.C.
615 South McDonough Street
Montgomery, AL  36101
(334) 263-9900

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

Andrew C. Lourie
Acting Chief
Public Integrity Section


**s/Shaun M. Palmer**
BY:    _____
Shaun M. Palmer
Matthew C. Solomon
Trial Attorneys
U.S. Department of Justice
Criminal Division
Public Integrity Section
10th & Constitution Avenue
Washington, D.C. 20530
Phone: (202) 514-1412
Fax: (202) 514-3003
Email: shaun.palmer@usdoj.gov

14