IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-cr-066-MEF |
| | ) | (WO) |
| WILLIAM CURTIS CHILDREE | ) | |
| JEFFREY HOWARD STAYTON | ) | |

ORDER ON MOTION
AND
PROTECTIVE ORDER

On May 23, 2006, the United States moved for a protective order to prevent unauthorized disclosure or dissemination of classified national security interests and documents (Doc. 23). In order to facilitate a consensus on an appropriate Protective Order, the assigned Magistrate Judge continued from June 5 to June 28, 2006, the filing deadline for Defendants' response to the *Motion*. (Doc. 26). Submitted now is the *Government's Amended Motion for Protective Order*, filed with a proposed Protective Order. The United States recites that "defense counsel have reviewed" the Protective Order and "have no objection." (*Am. Mot.* at 3); defense counsel did not make a separate filing in response to the show-cause deadline.

For good cause shown, it is, therefore, **ORDERED** that:

1. the *Government's First Motion for Protective Order* (Doc. 23, May 23, 2006) is **DENIED** as mooted by the amended motion (Doc. 29); and

2. the *Government's Amended Motion for Protective Order* (Doc. 29, June 28, 2006) is

**GRANTED** as set forth below.

## **PROTECTIVE ORDER**

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (1994) ("CIPA"), the Security Procedures Established Pursuant to CIPA by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, ordinary principles of contract law, the general supervisory authority of the Court, and in order to protect the national security, the following Protective Order is entered:

1. The Court finds that this case will involve information that has been classified in the interest of the national security pursuant to Executive Order 12958. The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances and a "need to know," as defined in Executive Order 12958, sec. 4.1(c). The purpose of this Order is to establish procedures that must be followed by counsel, the parties, Court personnel, and all other individuals who receive access to classified national security information or documents in connection with this case. These procedures will apply to all pretrial, trial, post-trial, and appellate matters concerning classified information and may be modified from time to time by further order of the Court acting under CIPA, the Federal Rules of Criminal Procedure, and the Court's inherent supervisory authority to ensure a fair and expeditious trial.

2.  <u>Definitions</u>.  The following definitions shall apply to this Order:

a. "Classified information" shall mean:

(i) any document or information that has been classified by any executive agency in the interests of national security or pursuant to Executive Order 12958, as amended, or its predecessor orders, as "Confidential," "Secret," "Top Secret," or further requiring enhanced security procedures including limited access pursuant to Executive Order 12356; or

(ii) any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which (a) has been derived from information from the United States government that was classified, and (b) has subsequently been classified by the United States pursuant to Executive Order as "Confidential," "Secret," "Top secret," or further requiring enhanced security procedures, including limited access; or

(iii) verbal classified information known to the defendants or defense counsel; or

(iv) any information, regardless of place of origin and including "foreign government information," as that term is defined in Executive Order 12958, as amended, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters; or

(v) any document or information as to which the defendants or defense counsel have been notified orally or in writing that such document or information contains classified information.

b. The words "document" or "information" include, but are not limited to, all written or printed material of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to, papers, correspondence, memoranda, notes, letters, reports, summaries, communications, telexes, cables, telecopies, telegrams, facsimiles, microfilms, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications, and changes of any kind to the foregoing; and all recordings of information on magnetic, electronic, or optical media such as audio or video tapes, computer tapes or discs, microfiche, typewriter ribbons, films, and all manner of electronic data processing storage.

c. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

d. "Secure area" means a sensitive compartmented information facility accredited for the storage, handling, and control of Special Access Program information.

3. Information in the public domain is ordinarily not classified; however, such information may be considered as classified, and therefore subject to the provisions of CIPA, if it is confirmed as being classified by any person who has, or has had, such access to classified information and that confirmation corroborated the information in question. Any attempt by the defense to have such information confirmed or denied at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Order.

4. All classified documents and information contained therein shall remain

classified unless the documents bear a clear indication that they have been declassified by the United States government entity that originated the document or information contained therein (hereinafter "originating agency").

5.  In accordance with the provisions of CIPA and the Security Procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Mary M. Cradlin as Court Security Officer, and Jennifer H. Campbell, Christine E. Gunning, Daniel O. Hartenstine, Erin E. Hogarty, Joan B. Kennedy, James P. Londergan, Michael P. Macisso, John P. Molinard, and Barbara J. Russell as alternate Court Security Officers for this case for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information or documents that have been made available to the defendants as a result of their prior relationship with the government, or will be made available to the defense in connection with this case. Counsel for the defendants shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

6.  The Court has been advised that Department of Justice attorneys Shaun M. Palmer, Matthew C. Solomon, and Mariclaire D. Rourke and United States Army Criminal Investigation Command Special Agent Jennifer L. Bryan have the requisite security clearances allowing them to have access to the classified documents and information that relate to this case. Any references to government attorneys or counsel for the United States as used in this Order refer only to the attorneys listed in this paragraph.

7.  Security Clearances and Protection of Classified Information. The Court finds that in order to protect the classified information involved in this case, individuals other than

counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agency, may obtain access to classified documents and information only after having been granted a security clearance by the Department of Justice through the Court Security Officer, and with permission of the Court. No person except counsel for the defendants, employees of counsel for the defendants, or defense witnesses, upon receipt of appropriate security clearances and determination of a "need to know," as defined in Executive Order 12958, sec. 4.1(c), shall have access to the classified information involved in this case. Moreover, no counsel for the defendants, employee of counsel for the defendants, or defense witnesses shall have access to any classified information in this case unless that person shall first have: (a) received from the Court Security Officer the appropriate security clearance for the level of the classified information involved in this litigation; and (b) signed the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court and provided to the Court Security Officer. The substitution, departure, or removal for any reason from this case of counsel for the defense or anyone associated with the defense as an employee or witness or otherwise shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after obtaining from the Court, with prior notice to the government, an approval for access to the required level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for

6

access to classified information. Counsel for the defendants, Stephen R. Glassroth and Joseph P. Van Heest, are each currently seeking the requisite security clearances to allow them access to the classified documents and information that relate to this case.

    8.     The Court Security Officer shall arrange for an appropriately approved secure area for the use of counsel for the defendants and their employees. The Court Security Officer shall establish procedures to assure that the secure area is accessible during business hours to counsel for the defendants, employees of counsel, and authorized witnesses accompanied by counsel for the defendants, and at other times upon reasonable request as approved by the Court Security Officer. The secure area shall contain a separate working area for counsel for the defendants and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The Court Security Officer, in consultation with counsel for the defendants, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the secure area unless so authorized by the Court Security Officer. The Court Security Officer shall not reveal to the government the content of any conversations she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated. The presence of the Court Security Officer shall not operate to render inapplicable the attorney-client privilege.

    9.     Any pleading or other document filed by any defendant shall be filed under seal with the Court through the Court Security Officer or his or her designee unless counsel for the defendants have obtained from the Court Security Officer permission, specific to a

particular, non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) not containing information that is or may be classified or under seal, to file the pleading or document not under seal.

10. Filing of Papers by the United States. Only the portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Court Security Officer. Such pleadings and documents shall be marked "Filed In Camera and Under Seal with the Court Security Officer." The date and time of physical submission to the Court Security Officer or a designee shall be considered the date and time of filing.

11. The Court Security Officer shall maintain a separate sealed record for those materials that are classified. The Court Security Officer shall be responsible for the maintaining of the secured records for purposes of later proceedings or appeal.

12. Access to Classified Information. Prior to and during the execution of the contract at issue in this case, the United States determined that Childree did not have a need for authorized access to the classified information in this case. Thus, in the interest of the national security, Childree will not be permitted access to any classified information in this case. In addition, and also in the interest of national security, Stayton may be excluded from access to certain classified information. Stayton, counsel for the defendants, employees of counsel for the defendants, and witnesses accompanied by counsel for the defendants shall have access to classified information only as follows:

    a. All classified information produced by the government to counsel for the defendants in discovery or otherwise, and all classified information possessed, created,

8

or maintained by the defense shall be stored, maintained, and used only in the secure area established by the Court Security Officer.

  b. The defendants, counsel for the defendants, and employees of counsel for the defendants shall have free access to the classified information made available to them in the secure area established by the Court Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

  c. No person, including counsel for the defendants, any employee of counsel for the defendants, or defense witnesses shall copy or reproduce any classified information in any manner or form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

  d. All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Court Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States.

  e. The defendants, counsel for the defendants, and employees of counsel for the defendants shall discuss classified information only within the secure area or in an area authorized by the Court Security Officer.

   f. The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not named in this Order except the Court, Court personnel, and the attorneys for the United States identified by the Court Security Officer as having the appropriate clearances and a "need to know," as defined in Executive Order 12958, sec. 4.1(c). Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the terms and conditions of the Order. If preparation of the defense requires that classified information be disclosed to persons not named in this Order, the Department of Justice shall promptly seek to obtain security clearances for them at the request of defense counsel.

   g. The defendants, counsel for defendants, employees of counsel for the defendants, and defense witnesses shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system, including but not limited to the internet, or in the presence of any person who has not been granted access by the Court to classified information.

   h. Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

   i. If counsel for the government advise counsel for the defendants that

certain classified information or documents may not be disclosed to the defendants, then counsel for the defendants, employees of counsel for the defendants, and defense witnesses shall not disclose such information or documents to the defendants without prior concurrence of counsel for the government or, absent such concurrence, approval of the Court. Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to the defendants of such classified information.

13. In light of the suspension of Stayton's security clearance and in the interest of national security it may become necessary to deny him access to certain classified national security information. The government reserves the right to deny Stayton such access should the need arise.

14. Classified Information in Defendant Stayton's Possession Prior to the Institution of this Case. The Court has been advised by the government that Stayton may be in possession of classified information made available to him as a result of his employment with the government. Nothing in this Order shall be construed as a limitation on the government in filing additional criminal charges against him in the event of an unauthorized disclosure of classified information. Additionally, as set forth in the Government's Motion for Protective Order, Stayton has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to him or in his possession. The government is entitled to enforce its agreement to maintain the confidentiality of classified information. Consequently, pursuant to federal common law and the ordinary principles of contract law, Stayton is hereby enjoined from breaching the terms of his secrecy agreements with the government, is prohibited from any future violations of

the above-referenced secrecy agreements, and is enjoined from disclosing any classified information to any person unless authorized to do so by this Court.

15. Classified Information Procedures Act (CIPA). Procedures for the public disclosure of classified information by the defense shall be those established in Sections 5 and 6 of CIPA. No classified information may be disclosed by the defense except, in accordance with the procedures of CIPA and the procedures established by the Court Security Officer:

   a. to the Court, court personnel, and government attorneys and their agents and employees identified by the Court Security Officer as holding proper approval for access to classified information;

   b. to the United States government entity originating the classified information who has been identified by the Court Security Officer as holding proper security clearances and having a "need to know" the classified information, as defined in Executive Order 12958, sec. 4.1(c); or

   c. to persons who have been authorized to have access to classified information pursuant to this Order or to CIPA.

16. To facilitate the defense in its filing of notices as required under Section 5 of CIPA, the Court Security Officer shall make arrangements with the appropriate United States government entity for a determination of the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pretrial proceeding or at trial. Nothing submitted by the defense to the Court Security Officer pursuant to this

paragraph shall be made available to counsel for the United States unless so ordered by the Court or so designated by the defense. Any and all of these items which are classified shall be listed in defendants' Section 5 notice.

17. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order may also result in termination of an individual's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. This Protective Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

18. All classified documents and information which the defendants, counsel for the defendants, employees of counsel for the defendants, or defense witnesses have access to in this case are now and will remain the property of the United States. Upon demand of the Court Security Officer, these persons shall return to the Court Security Officer all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information. The notes, summaries, and other documents prepared by the defense that do or may contain classified

13

information shall remain at all times in the custody of the Court Security Officer for the duration of the case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel if requested.

19.  A copy of this Order shall be issued forthwith to counsel for the defendants who shall be responsible for advising both defendants, employees of counsel for the defendants, and defense witnesses of the contents of this Order. Defendant Stayton, counsel for both defendants, each employee of counsel for the defendants, and defense witnesses who will be provided access to the classified information shall execute the Memorandum of Understanding described in paragraph 12 of this Order, and defendant Stayton and counsel for both defendants shall file executed originals of such documents with the Court and the Court Security Officer and serve an executed original upon the United States. The execution and filing of the Memorandum of Understanding is a condition precedent for counsel for the defendants, any employee of counsel for the defendants, and any defense witness to have access to classified information.

Done this the 10th day of July, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

## **MEMORANDUM OF UNDERSTANDING**

1. Having familiarized myself with the applicable laws, I understand that I have already received and/or may be the future recipient of information and documents that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2. I agree that I shall never divulge, publish, or reveal, either by word, conduct, or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3. I understand that this agreement will remain binding upon me after the conclusion of trial in United States v. Stayton et al., 1:06-CR-00066-MEF-DRB, and any subsequent related proceedings including the appellate process.

4. I have received, read, and understand the Protective Order entered by the United States District Court for the Middle District of Alabama in the above-styled case, and I agree to comply with the provisions contained therein.

1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Stephen R. Glassroth, Esq.
Counsel for William C. Childree

_____
Date

_____
Witness

## **MEMORANDUM OF UNDERSTANDING**

1. Having familiarized myself with the applicable laws, I understand that I have already received and/or may be the future recipient of information and documents that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2. I agree that I shall never divulge, publish, or reveal, either by word, conduct, or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3. I understand that this agreement will remain binding upon me after the conclusion of trial in United States v. Stayton et al., 1:06-CR-00066-MEF-DRB, and any subsequent related proceedings including the appellate process.

4. I have received, read, and understand the Protective Order entered by the United States District Court for the Middle District of Alabama in the above-styled case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Joseph P. Van Heest, Esq.
Counsel for Jeffrey H. Stayton

_____
Date

_____
Witness

## **MEMORANDUM OF UNDERSTANDING**

1. Having familiarized myself with the applicable laws, I understand that I have already received and/or may be the future recipient of information and documents that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2. I agree that I shall never divulge, publish, or reveal, either by word, conduct, or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3. I understand that this agreement will remain binding upon me after the conclusion of trial in United States v. Stayton et al., 1:06-CR-00066-MEF-DRB, and any subsequent related proceedings including the appellate process.

4. I have received, read, and understand the Protective Order entered by the United States District Court for the Middle District of Alabama in the above-styled case, and I agree to comply with the provisions contained therein.

5. I also understand that the Classified Information Nondisclosure Agreements signed by me in connection with my federal employment, including, but not limited to, the agreement signed by me on August 31, 2000, are still in place and remain in effect.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Jeffrey H. Stayton

_____
Date

_____
Witness