IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-cr-066-MEF |
| | ) | (WO) |
| WILLIAM CURTIS CHILDREE | ) | |
| JEFFREY HOWARD STAYTON | ) | |

## O R D E R

On June 28, 2006, the defendants filed a Joint Motion to Continue Trial (Doc. #27) and a status conference was held on July 17, 2006.  While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  The court concludes that the interest of justice requires a lengthy continuance to complete the requisite security background checks on the lawyers, their staff, chambers' staff and to allow the court to review and evaluate potentially sensitive, classified information in compliance with Classified Information Procedures Act.

The motion states that the government alerted the court and the defense early on that, pursuant to the Classified Information Procedures Act, court personnel and the defense would be required to obtain security clearances before certain discovery could be disclosed. The defense will be unable to obtain discovery and provide the representation necessary pursuant to the Sixth Amendment to the United States Constitution until the security clearances are obtained. The government has filed a response to the motion to continue stating that it has no objection to a continuance of the trial in this case. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.   See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the defendants' motion filed on June 28, 2006 is GRANTED;

2.  That the trial of this case is continued from the September 11, 2006 trial term to the July 9, 2007 trial term.

3.  That the Magistrate Judge conduct a pretrial conference prior to the July 9, 2007 trial term.

DONE this the 18th day of July, 2006.


_____
     /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE