

U.S. Department of Justice

Criminal Division
Public Integrity Section
202-514-1412

*Washington, D.C.  20530*

July 19, 2007                                  **By Express Mail and Electronic Copy**

Stephen R. Glassroth, Esq.
Attorney at Law
P.O. Box 996
Macon, GA 31202
steve_glassroth@fd.org

Dear Steve:

      We write regarding your client's sudden production of a copy of a handwritten "thank you" note from Mr. Stayton (purportedly dated January 9, 2002), which you provided in the courtroom Tuesday.  As you might imagine, the suspicious timing of the document's appearance, when viewed in light of grand jury testimony, witness interviews, and other evidence developed in this case, raises myriad questions.  The fact that production of the original version of this document was compelled under two prior subpoenas (a grand jury subpoena dated January 31, 2005 and a DOD IG subpoena served June 24, 2003), yet still not produced, raises further concern.

      We request that you produce to the government within one week the **original** letter, as well as any related materials, including the original envelope in which the letter was received.  Please produce these materials by overnight delivery to Special Agent Frank G. D'Amico, Federal Bureau of Investigation, 7799 Leesburg Pike, Suite 200 South, Falls Church, Virginia 22043.  As you know, the government is entitled to inspection of the original document pursuant to Rule 16(b)(1)(A) of the Federal Rules of Criminal Procedure, consistent with paragraph 4 of the Court's Standing Order on Criminal Discovery and the March 16, 2006 Order on Arraignment issued in this case.

      Upon handing us a copy of the document in the courtroom, you stated that Mr. Childree had found the original document in his home during his search for materials relevant to the recent recusal issue.  However, when asked again after Tuesday's status conference for further explanation, including specifically where and when the document was found, and why it was not located until recently, you declined to provide us such information, asserting the attorney-client privilege.  However, for a number of reasons, the information sought is not covered by the attorney-client privilege.  First, we are seeking only the underlying *factual information* regarding discovery of the document, not the substance of any communications between you and your client made for the purpose of obtaining legal advice.  *See Upjohn v. United States*, 449 U.S. 383, 396 (1981).  Second, given that a copy of this self-serving document was intended to be, and was, provided to the government, there should have been no expectation of confidentiality regarding such information.  Any reasonable person would have expected that his attorney would

be asked – by the government and/or the Court – to provide this type of information, given the timing and circumstances of the document's appearance, in an effort to evaluate the document's authenticity and admissibility. Finally, the privilege protects only communications between client and attorney, not a client's non-communicative actions, such as the act of identifying and producing a responsive document prior to trial. *See, e.g., United States v. Freeman*, 619 F.2d 1112, 1119 (5th Cir. 1980) (finding that a statement that a client moved boxes of documents was "the revelation of an act in which the client participated, not of a confidential disclosure").

Given that this information is not protected by the attorney-client privilege and is relevant to necessary determinations of (1) whether the late emergence of this document constitutes a reciprocal discovery violation; (2) whether the document meets threshold authenticity and admissibility standards; and (3) whether the document constitutes possible obstruction pursuant to 18 U.S.C. § 1519, we ask that you provide the government a letter setting forth the facts and circumstances of the document's discovery.

If you decline to provide us with the original document for inspection and analysis, or the information requested above, we ask that you notify us in writing immediately, or in no fewer than seven days, so we can raise this issue with the Court and seek appropriate relief. Finally, if Mr. Childree identified any other relevant "newly discovered" documents during his recent search, we request that he produce them to the government immediately, pursuant to Rule 16 and/or the prior grand jury and DOD subpoenas.

Thank you very much for your prompt cooperation.

                                                Sincerely,

By:   s/ Matthew L. Stennes
       Shaun M. Palmer
       Matthew L. Stennes
       Trial Attorneys
       U.S. Department of Justice
       Criminal Division
       Public Integrity Section

       Mariclaire Rourke
       Trial Attorney
       U.S. Department of Justice
       National Security Division
       Counterespionage Section

cc:    Joseph Van Heest, Esq.
        SA Frank D'Amico