IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | DOCKET NO. 1:06-CR-66-WSD |
| JEFFREY HOWARD STAYTON and | : | |
| WILLIAM CURTIS CHILDREE, | : | |
| Defendants. | : | |
| _____ | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' CIPA § 5
NOTICE OF INTENTION TO DISCLOSE CLASSIFIED INFORMATION**

Plaintiff, United States of America, by and through its counsel, respectfully responds to the Defendants' Notice of Intention to Disclose Classified Information filed pursuant to Section 5(a) of the Classified Information Procedures Act, 18 U.S.C. App. 3 (1994) ("CIPA"), and, in support thereof, represents the following:

1.   Defendants' Section 5(a) notice is insufficient, as it lacks the specificity necessary for the United States to identify the classified information that Defendants expect to disclose at trial.[1] United States v. Collins, 720 F.3d 1195, 1199 (11th Cir. 1983) ("The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case."). First, the notice identifies several individuals whom defendants have suggested may testify and

---

[1] In light of the filing of this response to Defendants' notice, the government anticipates that an adjustment to the current CIPA briefing schedule previously set by the Court will be necessary.

whose identities and/or testimony may be classified.[2]  However, several of these individuals are identified without sufficient information as to permit the United States to determine definitively their identities.  See, e.g., paras. 3-5 & 7-8 (identifying individuals by initials); para. 6 (identifying individual by rank and first name only); para. 9 (identifying individual by rank only).

      2.      Second, regardless of whether the witnesses are sufficiently identified, the classified testimony is not.  Throughout their notice, Defendants refer back to the "operation" set forth in paragraph 2, which details their understanding of the ultimate use of the helicopters at issue in this case—information which is itself classified— and then in subsequent paragraphs use witnesses' alleged knowledge of "the operation" as the basis for requiring their testimony at trial.[3]  For example, for several individuals identified, Defendants state only that the individual "was fully informed (read-on) of all aspects of the operation from initiation to completion."  See, e.g., para. 4.  Such a proffer is insufficient, as it fails to provide the "brief description of classified information" expected to be disclosed required by Section 5(a).  At best, Defendants have identified only that these witnesses were briefed on or otherwise provided access to certain

---

[2]Curiously, Defendants' notice identifies only one witness of the thirteen proffered who will actually testify.  See para. 3 (noting Defendants' intent "to call him to testify . . . and have him testify about all facets of the operation as described above").  Defendants cannot be permitted to claim, as they do in paragraph 1 of their notice, that "some or all" of the thirteen witnesses identified will testify.  Rather, they must identify the specific witnesses they believe will testify and, further, make clear the involvement at trial of the other proffered witnesses who will not testify.  Of course, to the extent that Defendants intend to call any present or former government employees to testify at trial, they must do so in conformity with the relevant Touhy regulations.

[3]The government will argue in a later filing that many of the logistical and operational details of the mission detailed in paragraph 2 of Defendants' notice are wholly irrelevant to the charges at issue in this case.  Secondarily, if the Court permits some testimony on this issue, the government will raise an objection to the cumulative nature of the testimony to the extent that, as suggested in their notice, Defendants seek to call several witnesses to establish the same point.

classified programs, but have failed to identify what, if any, classified information within those programs would be revealed in their witnesses' testimony.

    3.    The Eleventh Circuit's opinion in United States v. Collins is instructive on this point. There, defendant's Section 5(a) notice stated, in relevant part:

> Said classified information concerns activities of the U.S. Government with respect to joint Intelligence/Military operations and the utilization of secret overseas bank accounts to finance said operations. Moreover, said classified information includes the developing of secret government bank accounts and the transfer of funds surreptitiously into the United States Treasury. In addition the defendant intends to disclose or cause the disclosure of all matters coming within the defendant's administration as Director of (his job description) for the United States Air Force, and, as such, his operation of a unit of said department called "(named)" which coordinated many operations in Southeast Asia and elsewhere.

720 F.2d 1195, 1197-98 (11th Cir. 1983). In finding defendant's Section 5(a) notice insufficient, the Court made clear that an adequate notice requires "more than the general areas of activity to be revealed in defense," emphasizing that "'a brief description' is not to be translated as 'a vague description'" Id. at 1199. Much like the defendant's notice in Collins, Defendants' notice outlines, in the broadest of terms, the "operation," but fails to provide the requisite specificity in identifying the classified "facets" or "aspects" of this "operation" that will form part of their proffered witnesses' testimony.[4]

    4.    Third, Defendant's notice at paragraphs 11 and 12 states that the proffered witness has "extensive knowledge of the subsequent events and investigations by three different army investigative agencies." Setting aside the relevance of such testimony, which will be addressed in a later filing, the government cannot ascertain which "subsequent events" Defendants are

---

[4]Only with such specificity can the government undertake its obligation, consistent with CIPA, to determine whether such information is classified, and, if it is, to provide unclassified alternatives.

referring to. Nor can it determine which "investigations by three different army investigative agencies" Defendants intend to explore.

5. Fourth, Defendant's notice at paragraph 13 indicates that the proffered witness "coordinated all activities." Again, the government cannot respond adequately without additional information on the specific activities this witness will discuss.

6. Fifth, Defendant's notice at paragraph 16 is also insufficient. Defendants state that "[s]ome of the individuals identified in paragraphs 3 through 15 possess information, generated documents, viewed documents, and/or directed the creation of the document describing" one or more of six different subject areas. Defendants must identify the specific individual and the specific testimony that that individual will provide. Moreover, the government has provided Defendants with several boxes of documents, some of which contain classified information. To the extent that the documents referenced by Defendants in paragraph 16 of their notice contain classified information, Defendants must notify the government of the specific documents they intend to use.

7. Finally, any Section 5(a) notice such as Defendants' " which allows a defendant to cloak his intentions and leave the government subject to surprise at what may be revealed in the defense" is tantamount to "reduc[ing] 'greymail' to writing." Id. at 1199-1200. Defendants' notice is woefully insufficient and must be made more specific to allow the government a

meaningful opportunity to comply with its obligations under Section 6 of CIPA.

RESPECTFULLY SUBMITTED,

| | | |
|---|---|---|
| | William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division |
| BY: | s/ Shaun M. Palmer<br>Shaun M. Palmer<br>Matthew L. Stennes<br>Trial Attorneys<br>Criminal Division, Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov | Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of September 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen R. Glassroth, Esq.
The Glassroth Law Firm, P.C.
615 South McDonough Street
Montgomery, AL  36101
(334) 263-9900

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section |
| BY: s/Shaun M. Palmer<br>Shaun M. Palmer<br>Trial Attorney<br>Criminal Division<br>Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov | 10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |