IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 1:06-cr-66-WSD |
| JEFFREY HOWARD STAYTON and WILLIAM CURTIS CHILDREE, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Government's Response to Defendants' CIPA § 5 Notice of Intention to Disclose Classified Information [85], the Government's Motion for Modification of Scheduling Order with Respect to Timing of Government's Filing Pursuant to § 6 of the Classified Information Procedures Act [87], and Defendants' Motion for Order Extending Time for Filing Motions in Limine [91].

**BACKGROUND**

On July 27, 2007, this Court issued a scheduling order (the "Scheduling Order") governing the filing of pre-trial motions in this case. The Scheduling Order also set deadlines for the production of filings under the Classified

Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"). The Scheduling Order required Defendants to file, on or before August 31, 2007, notice pursuant to CIPA § 5 of whether they reasonably expected to disclose or cause the disclosure of classified information in connection with this trial. The government was required to respond to the sufficiency of Defendants' notice by September 10, 2007.[1]

Defendants timely filed their CIPA § 5 notice. On September 10, 2007, the government filed its response. The government argues that Defendants' CIPA § 5 notice is insufficient because it "lacks the specificity necessary for the United States to identify the classified information that Defendants expect to disclose at trial." (Govmt's Resp. at 1.) The Court agrees that Defendants' CIPA § 5 notice is substantially insufficient.

---

[1] The government was further required to file by September 24, 2007, but not before this Court determined the sufficiency of Defendants' CIPA § 5 notice, its request, if any, for a hearing pursuant to CIPA § 6. In a § 6 hearing, the government may argue that some or all of the classified material Defendants anticipate disclosing is not relevant. The government may also propose substitutions such as unclassified summaries, admissions, or stipulations intended to "obviate the need" for disclosure of classified information. United States v. Collins, 270 F.2d 1195, 1197 (11th Cir. 1983).

**DISCUSSION**

CIPA requires defendants who anticipate disclosing classified information as part of their defense to file notice with the Court and the government, including "a brief description" of the classified information that they intend to disclose. CIPA § 5(a). The "brief description" must be "particularized, setting forth the classified information which the defendant reasonably believes to be necessary to his defense." United States v. Collins, 720 F.2d 1195, 1999 (11th Cir. 1983). "A brief description is not to be translated as 'a vague description.'" Id. In other words, "the 'brief description' is to be of *the classified information* expected to be disclosed." Id. "It is of no importance that the government can locate specific data about defendant's knowledge of sensitive information in its own records. . . . The Section 5(a) notice requires that the defendant state, *with particularity*, which items of classified information entrusted to him he *reasonably expects to be revealed by his defense* in this particular case." Id. (emphases added).

Defendants' CIPA § 5 notice fails manifestly to meet this standard. Defendants' notice is plagued by generality and vagueness, and fails to identify any specific classified information anticipated to be disclosed. For example, in paragraphs three through nine, the notice uses only initials or military rank to

identify individuals who might be called to testify.  The notice does not state whether the identities of these individuals are classified, or what classified information might be disclosed by their testimony.  In paragraphs ten, fourteen, and fifteen, the notice identifies witnesses by name, but does not state what classified information might be disclosed by their testimony.  In paragraphs eleven through thirteen, the notice refers vaguely to "subsequent events" and "activities" without identifying those events or activities, stating which of those events or activities are classified or related to classified information, or explaining what classified information might be disclosed by the witnesses.  In paragraph fifteen, the notice provides a list of seven subject areas about which witnesses might testify.  The subject areas are broadly generalized, and fail to reveal what specific classified information Defendants intend to disclose, or through which witnesses or documents they intend to disclose it.

Defendants CIPA § 5 notice gives a brief, if vague, description of, witnesses, events, activities, and programs.  It does not provide a description of the specific classified information that Defendants seek to disclose at trial.  The notice is simply insufficient, and fails to satisfy the requirements of CIPA.

The Court will permit Defendants to file an amended CIPA § 5 notice. In their amended notice, Defendants are required to specify: (i) what classified information they seek to disclose; (ii) through which witnesses; or (iii) through which documents.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall, on or before October 10, 2007, file an amended notice under CIPA § 5. This amended CIPA § 5 notice shall describe the classified information intended to be disclosed with appropriate specificity. If, in light of the government's October 13, 2007, <u>Jencks</u> production, Defendants determine that additional classified information may need to be disclosed, Defendants shall file a supplemental CIPA § 5 notice describing that additional information on or before October 19, 2007.

**IT IS FURTHER ORDERED** that the Government's Motion for Modification of Scheduling Order with Respect to Timing of Government's Filing Pursuant to § 6 of the Classified Information Procedures Act [87] is **GRANTED** consistent with the terms of this Order. If the government has objections to the sufficiency of the amended or supplemental CIPA § 5 notices, it shall state such objections on or before October 26, 2007. If sufficiency objections are not

asserted, the government shall file, on or before October 26, 2007, its request, if any, for a hearing under CIPA § 6.

**IT IS FURTHER ORDERED** that Defendants' Motion for Order Extending Time for Filing Motions in Limine [91] is **GRANTED**. Motions in limine which depend on resolution of the CIPA § 5 or § 6 proceedings shall be filed within fifteen days of the earliest of: 1) a CIPA § 6 hearing in this matter or; 2) this Court's determination that no such hearing is necessary.

**SO ORDERED** this 1st day of October, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE