IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. NO. 1:06cr66-WSD |
| | ) | |
| JEFFREY HOWARD STAYTON, | ) | |
| WILLIAM CURTIS CHILDREE | ) | |

**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' ADMISSION INTO EVIDENCE OF HEARSAY**

COME NOW, the defendants, Jeffrey Howard Stayton and William Curtis Childree, by undersigned counsel and hereby respond to the Government's Motion in Limine to Preclude Defendants' Admission into Evidence of Hearsay. For the reasons set forth below, the government's motion in limine should be denied:

The Indictment

Defendants are charged in a five-count indictment returned March 1, 2006. Counts One and Two charge both defendants with two counts of honest services wire fraud, for actions in which Mr. Stayton is alleged to have deprived the government of his honest services by using his official position to influence the award and payment of a government contract to Mr. Childree in exchange for obtaining a personal benefit from Mr. Childree – namely, a payment to a third party on Mr. Stayton's behalf. Count Three charges Mr. Stayton with soliciting and receiving a payment from Mr. Childree for his benefit, and in return providing favorable treatment to Mr. Childree in the award and supervision of the government contract. Count Four charges Mr. Childree with making a payment to a third party for Mr. Stayton's benefit, in return for favorable treatment by Mr. Stayton in the award and supervision of the same government contract. Count Five charges Mr. Stayton with providing false testimony and information to a grand jury in June 2005, by stating that the January

2002 payment Mr. Childree made to a third party on Mr. Stayton's behalf was a loan rather than a gift.

### The January 9, 2002 Thank You Note

In July, 2007, counsel for Mr. Childree disclosed to the government a copy of a Thank You note, dated January 9, 2002, and signed by Jeffrey Howard Stayton. In that thank you note, Mr. Stayton thanks Mr. Childree "for the loan" noting that it will "open up a quick path for [him] to refinance [his] house." A copy of that letter is attached to Dkt # 78-1 as Appendix A.

### The Government's Testing of the Thank You Note

Thereafter, the government demanded that the defense surrender the original letter to it for testing. The defense filed a Motion for Protective Order with the Court requesting guidance and procedures to ensure the safe treatment and return of the document. Following a telephone conference with the Court, the parties jointly filed a Proposed Order memorializing the understanding and agreements reached during the telephone conference. *See* Dkt. # 79 & 81. Subsequently, the Thank You Note was forwarded to FBI Special Agent Frank D'Amico, in Virginia pursuant to the government's request and the dictates of the Court's Order. Testing was performed by the government and the Thank You Note was returned to the defense.

The government has provided an FBI-302 summary in discovery which sets out the tests performed by the government to determine the authenticity of the document. Curiously, that FBI-302 does not contain the conclusions of the testing personnel – which failed to establish that the document is not authentic as it appears. These conclusions which fail to establish what the government sought to establish, namely, that the document was not prepared in January, 2002, clearly constitute *Brady* material.

The government now seeks to preclude the defense from offering the thank you note as hearsay, and claims that it fails to fall under any of the hearsay exceptions. In fact, the thank you note is inadmissible in a number of ways.

### Fed. R. Evid. 801(d)(1)(B)

First, the letter can be offered as non-hearsay, pursuant to Fed. R. Evid. 801(d)(1)(b) as a prior statement of a witness which is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. Assuming Mr. Stayton testifies, he would be the witness as well as the declarant. The Thank You Note, written January 9, 2002, clearly identifies the payment five days earlier as a loan. It is expected that Mr. Stayton, if he chooses to take the witness stand, would testify that the January 4, 2002 payment by Mr. Childree on Mr. Stayton's behalf was in fact a loan. Thus his testimony would be consistent with both the January 9, 2002 letter and his June, 2005 grand jury testimony. Mr. Stayton is charged in count five of the indictment with obstruction of justice for lying to the grand jury in June, 2005 when he described the January 4, 2002 payment as a loan rather than a gift. Thus, the claim of recent fabrication is made by the government in the indictment. Mr. Stayton is unquestionably permitted to offer the document as evidence to rebut the material allegation in Count Five of the Indictment.

### Fed. R. Evid. 803(15)

Second, the thank you note falls under an exception to the hearsay rule and could be admitted through either Mr. Stayton – the writer and sender, or Mr. Childree – the recipient of the letter. Rule 803(15) excepts from the hearsay rule "Statements in documents affecting an interest in property." That rule permits admission into evidence of "[a] statement contained in a document purporting to

establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document." *See* Fed. R. Evid. 803(15).

In the instant case, the letter includes a thank you for "the loan" which, in and of itself, establishes for Mr. Childree an interest in property to the amount of the loan. Additionally, the letter further notes an intention "to write out some terms for this soon." Furthermore, Mr. Stayton states a desire "to pay you back when I sell this house or when Jessica graduates, whichever comes first, if that's ok with you." Such statements, while not artfully prepared in legal terms, certainly state an intention to establish an interest in the property for Mr. Childree, and diminish Mr. Stayton's interest in the property. Moreover, Mr. Stayton's youngest daughter, Jessica, just began her senior year of high school in the Fall of 2007. She is scheduled to graduate in Spring, 2008. Mr. Stayton has not yet placed the property on the market for sale. Therefore, no dealings with the property since the document was made have been inconsistent with the statement or the purport of the document. Consequently, the Thank You Note falls under the hearsay exception found in Fed. R. Evid. 803(15).

### Fed. R. Evid. 803(1)

The statement may also constitute a present sense impression, and fall within the exception found in Fed. R. Evid. 803(1). There, a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, constitutes admissible evidence as an exception to the hearsay rule. The statement is clearly describing an event (the loan) but there is a question whether the written memorialization of that event five days later would constitute a present sense impression. Considering that the use of the written statement is sought nearly six years after it was put in writing, the statement likely has

guarantees of trustworthiness sufficient to withstand a hearsay objection. In *United States v. Scrima*, 819 F.2d 996 (11th Cir. 1987) the Eleventh Circuit noted the plain language of the exception in ruling that an oral statement was not admissible because it was not made "while perceiving the event or condition or immediately thereafter." *Id.* at 1000. However, it also noted that "the underlying theory of this exception is that the 'substantial contemporaneity of the event and the statement negate the likelihood of deliberate or conscious misrepresentation." *Id.* (citing *United States v. Peacock*, 654 F.2d 339, 350 (5th Cir. 1981), *cert. denied*, 464 U.S. 965 (1983)). Hence, when applying the present sense impression exception to a writing drafted five days after an event and not becoming relevant to the matter until years later, the substantial contemporaneity of the event and the statement negates the likelihood of deliberate or conscious misrepresentation. Therefore, the five day period between the transaction and the written memorialization could be considered "immediately thereafter" when sought to be used to support a claim which only arose years later and the Thank You Note is also admissible pursuant to Fed. R. Evid. 803(1).

Fed. R. Evid. 807

The Thank You Note also falls under the Residual Hearsay exception. That rule holds that the hearsay rule does not exclude "a statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807. The residual hearsay exception further permits admission of the otherwise-hearsay statement if the court determines (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." *Id.*

The statement is unquestionably offered as evidence of a material fact. It rebuts the government's unsubstantiated claim that Mr. Stayton lied to the grand jury when he testified that he received a gift, rather than a loan, from Mr. Childree after they returned from completion of the mission in December 2002. It further rebuts the government's unsubstantiated claim that the transaction was a gift rather than a loan. The Thank You Note establishes the strongest evidence that the transaction was both intended to be, and was, a loan rather than a gift. This statement is critical to a defense of count five of the indictment.

The thank you note is more probative than any testimony which either defendant could possibly provide on the stand because any such testimony would be tainted with the government's argument that it was self-serving and not true. This thank you note is actually dated more than three years *before* Mr. Stayton testified before the grand jury. He also referenced in that grand jury testimony, not only that it was a loan, but that he believed he had sent a thank you note to Mr. Childree.

The general purpose of the Federal Rules of Evidence and the interests of justice are best served by admitting the thank you note under this exception. The general rule of relevancy is that "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. It is unquestionable that this evidence is relevant as it has a tendency to make the existence of the defense position that the payment was a loan more probable than it would be without the evidence. *See* Fed. R. Evid. 401.

The statement was "made known [and available] to the [government] sufficiently in advance of trial to provide the government with a fair opportunity to meet it, the proponent's intention to

offer the statement and the particulars of it, including the name and address of the declarant." The government has had a greater opportunity to "meet" the statement than it could virtually any oral statement. The government has had the opportunity, using the most advanced, state-of-the-art testing facilities and methods, to attempt to establish that the document is not authentic. It has been unable to do so. Hence, under Fed. R. Evid. 807, the thank you note is admissible whether it be authenticated by its recipient, Mr. Childree who will be able to testify to having familiarity with Mr. Stayton's handwriting, or by Mr. Stayton, the writer and sender of the note.

Conclusion

For the reasons set forth above, the government's Motion in Limine to preclude introduction of evidence or testimony at trial regarding the January 9, 2002 Thank You Note should be denied.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
AL Bar Code: VAN026
Law Office of Joseph P. Van Heest, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
(334) 263-3551
(334) 263-3227 (fax)
jpvanheestcourts@bellsouth.net


s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for William Curtis Childree
AL Bar Code: GLA005
Post Office Box 996

Macon, Georgia 31202-0996
(478) 743-4747
(478) 743-4749 (fax)
steve.glassroth@gmail.com

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certify that on October 11, 2007, the foregoing document was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
AL Bar Code: VAN026
Law Office of Joseph P. Van Heest, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
(334) 263-3551
(334) 263-3227 (fax)
jpvanheestcourts@bellsouth.net


s/Stephen R. Glassroth
**STEPHEN R. GLASSROTH**
Counsel for William Curtis Childree
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
(478) 743-4747
(478) 743-4749 (fax)
steve.glassroth@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. NO. 1:06cr66-WSD |
| | ) | |
| JEFFREY HOWARD STAYTON, | ) | |
| WILLIAM CURTIS CHILDREE | ) | |

**ORDER**

This matter coming before the Court on the government's Motion in Limine to Preclude Defendants' Admission into Evidence of Hearsay,

IT IS HEREBY ORDERED that the government's motion in limine is DENIED.

It is so ORDERED, this _____ day of October, 2007.

_____
WILLIAM S. DUFFEY
UNITED STATES DISTRICT JUDGE