IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | DOCKET NO. 1:06-CR-66-WSD |
| JEFFREY HOWARD STAYTON and : | |
| WILLIAM CURTIS CHILDREE, : | |
| Defendants. : | |
| _____: | |

**REPLY MEMORANDUM IN SUPPORT OF
GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' ADMISSION
INTO EVIDENCE OF HEARSAY**

Plaintiff, United States of America, by and through its counsel, respectfully submits the following Reply Memorandum in Support of the Government's Motion *in Limine* to Preclude Defendants' Admission into Evidence of Hearsay, namely, the letter that purports to have been written by Jeffrey Stayton to William Childree in January 2002 concerning the bribe payment at issue in this case ("the Letter").

**Prior Consistent Statement - Fed. R. Evid. 801(c)**

The Letter is inadmissible hearsay. See Fed. R. Evid. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). As previously set forth in the government's motion, the Letter's only arguably admissible use at trial would be as a prior consistent statement (non-hearsay) if and only if Stayton testifies at trial and his credibility on this issue is challenged.

Fed. R. Evid. 801(d)(1). In no event may Childree properly admit the Letter—even if he chooses to testify at trial—as he is not the declarant and thus falls outside of the scope of Rule 801(d)(1).

Perhaps recognizing that Stayton's testimony is a necessary precondition to admission of the Letter, defendants argue that the government's indictment at Count Five has already sufficiently challenged Stayton's credibility such that the Letter could be admitted as substantive evidence without Stayton taking the stand. Significantly, defendants cite <u>no</u> legal authority for this proposition, nor can they, because such a view is squarely at odds with the plain language of the rule and the corresponding advisory note. Fed. R. Evid. 801(c) advisory committee's note (providing, in explaining the underlying purpose of the rule, that "[t]he prior statement is consistent with the testimony <u>given on the stand</u>, and, if the opposite party wishes to open the door for its admission in evidence, no sound reason is apparent why it should not be received generally"(emphasis added)).

<u>**Statements Affecting an Interest in Property - Fed. R. Evid. 803(15)**</u>

The Letter does not fall under the hearsay exception set forth at Rule 803(15), which provides for the admission of hearsay statements in documents "affecting an interest in property." Fed. R. Evid. 803(15). Defendants argue that the alleged creation of a loan arrangement between Stayton and Childree in which Stayton agrees in writing to repay the loan when he sells his home—the property interest in question—is sufficient to permit the admission of the writing (the Letter) into evidence. Although defendants' argument has some superficial appeal, it fails under closer scrutiny. Setting aside whether its contents are true, the Letter does <u>not</u> purport to secure the "loan" by creating a property interest for Childree in Stayton's home. If the Letter made clear that Stayton was using his home as collateral for the "loan," then defendants' argument on this

point admittedly might be stronger. In this case, however, the Letter simply makes clear—even if "not artfully prepared in legal terms," as defendants suggest (p. 4)—that Stayton will repay the "loan" at such time as he sells his home. See Letter at 1 ("I would like to pay you back when I sell this house or when Jessica graduates, whichever comes first, if that's OK with you."). Nothing in the Letter or in any other document identified by defendants suggests that Stayton intended, as defendants argue, "to establish an interest in the property for Mr. Childree, and diminish Mr. Stayton's interest in the property."[1] Deft. Resp. at 4.

## Present Sense Impression - Fed. R. Evid. 803(1)

Neither does the Letter constitute Stayton's present sense impression, as the content of the Letter is not, as defendants argue, about Stayton's perception of an event. Even if "the event" that Stayton is alleged to have perceived was, broadly defined, Childree's payment to Stayton, the hearsay exception is nevertheless not applicable because Stayton did not actually perceive Childree wiring the money to his mortgage company five days before. Recognizing that the Letter was plainly not written by Stayton while he was perceiving the event or even immediately thereafter, as the rule requires, defendants offer a tortured interpretation of "immediately thereafter," suggesting that immediacy should be considered in the context of when the disputed hearsay statement becomes relevant. Deft. Resp. at 5 (arguing that "[t]he five day period between the transaction and the written memorialization could be considered 'immediately thereafter' when sought to be used to support a claim which arose years later"). Defendants'

---

[1] Before admitting the Letter into evidence, defendants would also have to authenticate it and establish the trustworthiness of its contents, which, the government submits, defendants would be unable to do given the suspicious circumstances surrounding the Letter's disclosure. Fed. R. Evid. 803(15).

argument is absurd. Stayton never perceived "the event" (Childree's wiring of the money) and, to the extent that "the event" can be broadened temporally in some metaphysical sense, Stayton certainly did not perceive it immediately thereafter for purposes of the rule. See Fed. R. Evid. 803(1) advisory committee's note (noting that only "a slight lapse [after the perceived event] is allowable").

### Residual Hearsay Exception - Fed. R. Evid. 807

Finally, the so-called residual hearsay exception should not apply in this case to allow admission of the Letter. The exception allows for the admission of hearsay statements upon a judicial finding that the statement is offered "as evidence of a material fact," that the statement is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts," and that admission will serve "the general purposes of these rules and the interests of justice." Fed. R. Evid. 807. While defendants are correct that the statements contained within the Letter—no matter how self-serving—are evidence of a material fact, the government disagrees on the question of whether the Letter is more probative than any other evidence that the defendants can reasonably procure. Defendants suggest that the Letter is preferable to their own live testimony, because the latter would be "tainted with the government's argument that it was self-serving and not true." Deft. Resp. at 6. The Letter is no less self-serving. Indeed, given the suspicious, eleventh-hour production of the Letter by defendants to the government, which has been detailed in previous filings, the Letter is as self-serving as any testimony given by either defendant during trial. At least in the case of live, sworn testimony, the government would have an opportunity to cross-examine one or both defendants on the authenticity and content of the Letter, thus providing <u>more</u> probative evidence on the key

point of the Letter (the payment) than would admission of the Letter itself.

Defendants focus on three facts to support their argument that the Letter should be admitted pursuant to this exception: (a) the Letter is dated more than three years before Stayton testified before the grand jury in June 2005; (b) Stayton referenced the existence of the Letter during his grand jury testimony; and (c) the government's testing failed to establish conclusively that the Letter is not authentic. Each of these arguments is without merit and will be addressed in turn.

First, it makes no difference that the Letter purports to be dated January 9, 2002. Without any means of confirming that the Letter was actually written on that date—the government's tests in this regard were inconclusive—the Letter is nothing more than self-serving hearsay lacking the "circumstantial guarantees of trustworthiness" required by Rule 807.

Second, defendants make much of the fact that Stayton referenced the existence of the Letter in his grand jury testimony in June 2005, but conveniently neglect to mention that, at the time of his testimony, Stayton was well aware that he was under investigation by various authorities and had been aware of that fact since at least November 2002. Thus, he had every incentive to shape and color his testimony with an eye toward diminishing his own criminal responsibility. To suggest the contrary is absurd.

Finally, defendants suggest that both their disclosure of the Letter and the government's subsequent failure "to establish that the document is not authentic" provide a basis on which this Court could admit the Letter. Deft. Resp. at 7. In fact, the document examiner reached no conclusion on the question of the Letter's authenticity. Thus, defendants' argument on this point is probative of nothing.

**<u>Conclusion</u>**

Given the self-serving content of the Letter and its suspicious production, and in the absence of <u>any</u> "circumstantial guarantees of trustworthiness," this Court should preclude the Letter's admission into evidence on this basis or any of the other aforementioned bases proffered by defendants.

RESPECTFULLY SUBMITTED,

|  |  |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division |
| BY: <u>s/ Shaun M. Palmer</u><br>Shaun M. Palmer<br>Matthew L. Stennes<br>Trial Attorneys<br>Criminal Division, Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov<br>        matthew.stennes@usdoj.gov | Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of October 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
PO Box 996
Macon, GA 31202-0996
(478) 743-4747

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL 36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section |
| BY:  s/Shaun M. Palmer<br>       Shaun M. Palmer<br>       Trial Attorney<br>       Criminal Division<br>       Public Integrity Section<br>       10th Street & Constitution Avenue, NW<br>       Washington, DC 20530<br>       Phone: (202) 514-1412<br>       Fax: (202) 514-3003<br>       Email: shaun.palmer@usdoj.gov | 10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |