## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **1:06-cr-0066-WSD** |
| **JEFFREY HOWARD STAYTON** **and WILLIAM CURTIS** **CHILDREE,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Extension of Time to file Supplemental CIPA § 5 Pleading [97] and the Government's Response to Defendants' Amended CIPA § 5 Notice.

## I.    BACKGROUND

On July 20, 2007, the Court issued a scheduling order requiring Defendants to file, by August 31, 2007, a notice pursuant to § 5 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, of whether they reasonably expected to disclose or cause the disclosure of classified information in this case. Defendants timely filed a CIPA § 5 notice. The government objected to the notice

as insufficient to apprise it of what specific classified information Defendants expected to disclose.

On October 1, 2007, this Court issued an order requiring Defendants to file an Amended CIPA § 5 Notice addressing the particularity issues. The Court allowed Defendants until October 10, 2007, to file their Amended CIPA § 5 Notice. The Court indicated that if, in light of the government's <u>Jencks</u> information production on October 13, 2007, Defendants determined that additional classified information needed to be disclosed, they could file a supplemental CIPA § 5 notice by October 19, 2007.

Defendants filed their Amended CIPA § 5 Notice on October 10, 2007 ("Amended Notice"). The government argues that the Amended Notice still fails to describe with sufficient particularity the classified documents Defendants intend to disclose at trial. On October 19, 2007, the deadline for filing a supplemental notice, Defendants filed a Motion for Extension of Time stating that the government's <u>Jencks</u> production gave them cause to supplement their CIPA § 5 notice. They request an additional 14 days to file a supplemental notice.

**II.     DISCUSSION**

    A.     <u>The Amended CIPA § 5 Notice</u>

        1.     *<u>Sufficiency of Notice</u>*

The government argues that "paragraph 16 [of the Amended Notice] fails to provide the government with any meaningful description of the classified documents that defendants intend to use at trial." The Court agrees.

CIPA requires defendants who anticipate disclosing classified information as part of their defense to file notice with the Court and the government, including "a brief description" of the classified information that they intend to disclose. CIPA § 5(a). The "brief description" must be "particularized, setting forth the classified information which the defendant reasonably believes to be necessary to his defense." <u>United States v. Collins</u>, 720 F.2d 1195, 1199 (11th Cir. 1983). The Section 5(a) notice requires that the defendant state, *with particularity*, which items of classified information entrusted to him he *reasonably expects to be revealed by his defense* in this particular case." <u>Id.</u> (emphases added).

After carefully reviewing the Amended Notice, the Court finds it does not sufficiently describe which classified documents Defendants reasonably expect to be revealed in their defense. The Amended Notice only specifically identifies one

document, in paragraph 14, and that document is attached to the Amended Notice as Exhibit A.[1]  Defendants admit in paragraph 16 of the Amended Notice that "[t]he defense has not identified specific documents but merely described documents in this paragraph."  (Amended Notice at 10-11.)  Paragraph 16 states generally that the potential witnesses listed earlier in the Amended Notice created, generated, or viewed documents on topics relevant to the defense of this case. Rather than identifying specific documents, Defendants assert generally that relevant, classified documents may exist and may be produced.[2]  The Amended Notice simply fails to identify any documents with enough particularity for the government or the Court to know what classified information Defendants anticipate disclosing at trial.  The Court cannot fulfill its duty to the parties under CIPA unless and until Defendants fulfill their obligation to provide notice as to what specific classified information they might disclose.  To date, Defendants have

---

[1]  The Court will consider this document at the CIPA § 6 hearing.

[2]  The Amended Notice does not describe any document by title, author, recipient, date, Bates number, or any other reasonably specific identifier.

not provided the notice required with respect to documents.   The Court will allow

Defendants one last opportunity to satisfy CIPA § 5.[3]

     B.    <u>Supplemental CIPA § 5 Notice</u>

Defendants seek an additional 14 days to file a supplemental CIPA § 5

notice in light of the government's <u>Jencks</u> productions on October 13 and October

15.  The government consents to Defendants' request for additional time, but

argues that the CIPA proceedings in this case need to come to a close so the case

can proceed to trial.  The Court agrees.  The Court will grant Defendants additional

time to file a supplemental notice.  During the additional time granted, Defendants

must also correct the deficiencies set forth above in their Amended Notice so as to

have completed, finally, their CIPA § 5 filings.

---

[3] Paragraph 16 of the Amended Notice claims the government has wrongfully withheld certain attachments to facsimile cover sheets that Defendants tendered to the government in response to a subpoena.  Defendants state that these documents are exculpatory materials the government was required to produce according to <u>Brady v. Maryland</u>, 363 U.S. 1 (1963).  In response, the government states that it has produced all <u>Brady</u> material.  The Court accepts the government's representation, but requires the government to file with the Court a specific representation that: (i) it reviewed all documents in its possession, including the facsimile cover sheets and attachments identified by Defendants; and (ii) determined that no withheld document constitutes material required to be produced by Federal Rule of Criminal Procedure 16, <u>Brady</u>, or any other federal law.

Rule 16(b) of the Federal Rules of Criminal Procedure imposes reciprocal discovery obligations on Defendants.  CIPA likewise imposes a reciprocal process of notice to facilitate fair determinations by the government and the Court regarding the potential admission of classified materials at trial.  To the extent that Defendants have not fulfilled their discovery obligations under Rule 16 or their notice obligations under CIPA, they must do so immediately.[4]

The Court sets forth the following schedule for the remaining CIPA proceedings in this case:

October 30, 2007:    Defendants must file: (i) their Second Amended CIPA § 5 notice addressing the deficiencies noted above; and (ii) their Supplemental CIPA § 5 notice addressing the government's Jencks production.  This is the final filing date for all CIPA § 5 filings by Defendants, absent compelling extraordinary circumstances.

---

[4] There are likely other obligations imposed on the Defendants regarding their treatment of classified information in addition to those imposed by CIPA or Rule 16.  The Court assumes Defendants previously disclosed and tendered to the government all classified materials in their possession.

<u>November 5, 2007</u>:        The government must file its response to any additional

CIPA § 5 notices filed by Defendants.

<u>November 9, 2007</u>:        The government must file its CIPA § 6(a) request for

hearing**,** including notice under CIPA § 6(b)(1) of the

classified information at issue in the hearing.

<u>November 14, 2007</u>:       Defendants must file their response to the

government's CIPA § 6 materials.

<u>November 19, 2007</u>:       The Court shall hold a sealed hearing pursuant to CIPA

§ 6, if one is requested by the government, at the United

States Courthouse in Montgomery, Alabama.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants shall, on or before October

30, 2007, file a Second Amended notice under CIPA § 5 addressing the

deficiencies pertaining to proposed documentary evidence set forth above.

Defendants shall also, on or before October 30, 2007, file any supplemental CIPA

§ 5 notice addressing any issues raised by the government's <u>Jencks</u> production.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to file Supplemental CIPA § 5 Pleading [97] **GRANTED IN PART** and **DENIED IN PART**.  The CIPA procedures in this case will proceed consistent with the terms of this Order.

**SO ORDERED** this 26th day of October, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE