IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | DOCKET NO. 1:06-CR-66-WSD |
| : | |
| JEFFREY HOWARD STAYTON and : | |
| WILLIAM CURTIS CHILDREE, : | |
| Defendants. : | |
| _____ : | |

**REPLY MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANTS FROM PRESENTING
A PUBLIC AUTHORITY DEFENSE**

COMES NOW, plaintiff United States of America, by and through undersigned counsel, and hereby files its Reply Memorandum in Support of Government's Motion *In Limine* to Preclude Defendants From Presenting a Public Authority Defense.

**INTRODUCTION**

Defendants compensate for their failure to provide sufficient legal notice for a public authority defense under Rule 12.3 of the Federal Rules of Criminal Procedure by describing their intended trial presentation as an effort at "negation of intent" rather than a formal "public authority" defense. Defendants' Response to Government's Motion In Limine to Preclude Defendants from Presenting a Public Authority Defense ("Def. Resp.") at 1. However, "public authority" is, itself, a subset of a broader category of intent defenses – one which is governed by particular notice requirements under the rules. *See, e.g., United States v. Baptista-Rodriguez*, 17

F.3d 1354, 1363 (11th Cir. 1994) (by claiming that he was "working as an authorized undercover civilian operative," defendant argued he "lacked the requisite *mens rea* for the crimes: specific intent to violate the law"); Fed. R. Crim. P. 12.3 (setting forth notice requirements for public authority defense).

By whatever name, the theory articulated by defendants (1) was not properly noticed under the rules; (2) amounts to, if anything, an "apparent" authority defense, which has been rejected in the Eleventh Circuit; and (3) does not respond to the charges alleged in this matter. For those reasons, the defendants should be precluded from offering evidence or argument relating to authorization (whether actual or apparent) of their actions by government officials or agencies. The Court should also decline to instruct the jury with respect to any such defense.

## DISCUSSION

First, as set forth in the government's initial motion, defendants failed to meet the notice requirements of Rule 12.3. They did not provide such notice within the time frame established by this Court for the filing of pretrial motions, nor did they specifically file a formal notice of such a defense with the clerk, as required by Rule 12.3. To the extent defendants now point to their under-seal CIPA filings as providing sufficient notice, this argument should be dismissed. Even in these filings, defendants did not, in a timely fashion, formally notify the government of the details of such a defense, including "the agency member on whose behalf the defendant claims to have acted" or "the time during which the defendant claims to have acted with public authority." Fed. R. Crim. P. 12.3(a)(2). At most, defendants' CIPA filings assert that representatives of the "customer" were aware of defendants' actions. Pursuant to Rule 12.3(c), the Court should remedy defendants' failure to comply by excluding any such evidence relating

to such a defense.

Second, notwithstanding the notification issue, the evidence described by defendants does not constitute a legally-cognizable defense as a matter of well-settled Eleventh Circuit law. Defendants assert correctly that, in this Circuit, otherwise criminal actions undertaken with only *actual* public authority, rather than *apparent* public authority, are subject to a viable legal defense. Def. Resp. at 3-4 (citing *United States v. Baptista-Rodriguez,* 17 F.3d 1354, 1358 n. 18 (11th Cir. 1994); *United States v. Rosenthal*, 793 F.2d 1214, 1236 (11th Cir. 1986)). Curiously, just a few paragraphs after stating that they are not offering a "public authority" defense, defendants explain that they will offer evidence to "rebut the government's proof of the intent element of a crime by showing that the defendants had a *good faith belief that they were acting with government authorization*." Def. Resp. at 4 (emphasis added). Defendants have made no assertion that a government representative actually directed Defendant Stayton to, for example, falsely certify that the contract was completed when it was not, take steps to conceal Maverick's repeated logistical failures, or direct that remaining funds from the contract be used for a subsequent contract benefitting Maverick. Nor do defendants allege that a government representative actually directed Stayton and Childree to enter into a financial relationship and intentionally fail to disclose that relationship from the Army and the general public. Defendants' articulated theory, that they had a "good faith belief they were acting with government authorization," could best be described as an *apparent* authority argument, which, as defendants concede, is not a viable defense in this Circuit. Whether defendants are willing to call it a public authority defense or not, the evidence and argument previewed by defendants simply do not constitute a legally viable defense in the Eleventh Circuit.

Third, in addition to being *legally* inadequate, the evidence characterized by defendants as a "negation of intent" defense does not *factually* respond to the government's charges in this case, and is therefore irrelevant. Defendants argue that evidence exists suggesting that the "customer" was "aware of" their actions on the contract. However, the cases cited by defendants as supporting their defense theory address very different circumstances. In *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995), the court ruled that the jury should have been instructed regarding a mistake of fact possibly negating the requisite criminal intent. Specifically, the defendant there put on evidence that she had an "erroneous belief" that she was acting lawfully as a government informant when she purchased drugs from an undercover agent. In other words, the possible "mistake of fact" evidence dealt squarely with the criminal charges and could have been considered by a jury when considering intent. Similarly, in *United States v. Juan*, 776 F.2d 256, 258 (11th Cir. 1985), the court ruled that defendant should have been entitled to offer evidence that, when he purchased drugs, he had a mistaken belief that he was acting consistent with his conduct during a prior (presumably undercover) relationship with the federal authorities. Thus, in both cases, the charged conduct was squarely within the ambit of a reasonable, factually supported assertion of *actual* public authority. *See also United States v. Baptista-Rodriguez,* 17 F.3d 1354 (11th Cir. 1994) (same).

In this case, however, there can be no reasonable suggestion that Defendant Stayton was acting with the actual authorization of federal authorities when he received a $61,071.75 payment from Defendant Childree and decided not to disclose that payment, notwithstanding that he was in the midst of the supervision of a contract between the U.S. government and Childree's company and about to recommend the award of an additional contract using excess contract

funds. Simply put, defendants have made no credible assertion that any government authority actually knew of, let alone authorized either the financial arrangement between the defendants or Defendant Stayton's failure to disclose that relationship, which is the gravamen of this case. Similarly, for defendants' theory to provide a true defense to the bribery and honest services fraud allegations, they would have to show, at a minimum, that the government representatives were also aware of the financial relationship between the defendants when they purportedly "authorized" their actions. Defendants have made no such assertion, nor could they, given the evidence. Therefore, unlike in *Ruiz*, *Juan*, and *Baptista-Rodriguez*, the evidence here purportedly negating criminal intent does not address the actual charged conduct in this case.

## CONCLUSION

Based on the foregoing, and for the reasons set forth in the government's initial moving papers, the Court should prohibit the defendants from offering evidence or argument constituting a "public authority" defense (whether or not defendants are willing to call it such). At a

minimum, defendants should not be permitted any jury instruction regarding public authority (or government authorization) in any form as a defense to the charges in this matter.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section<br><br>BY:  s/ Matthew L. Stennes<br>  Shaun M. Palmer<br>  Matthew L. Stennes<br>  Trial Attorneys<br>  Criminal Division, Public Integrity Section<br>  10th Street & Constitution Avenue, NW<br>  Washington, DC 20530<br>  Phone: (202) 514-1412<br>  Fax: (202) 514-3003<br>  Email: shaun.palmer@usdoj.gov<br>      matthew.stennes@usdoj.gov | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of October 2007, that I filed by ECF the attached document, which automatically served copies upon:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
PO Box 996
Macon, GA 31202-0996

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section |
| BY:  s/Shaun M. Palmer<br>       Shaun M. Palmer<br>       Trial Attorney<br>       Criminal Division<br>       Public Integrity Section<br>       10th Street & Constitution Avenue, NW<br>       Washington, DC 20530<br>       Phone: (202) 514-1412<br>       Fax: (202) 514-3003<br>       Email: shaun.palmer@usdoj.gov | 10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |