IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | DOCKET NO. 1:06-CR-66-WSD |
| JEFFREY HOWARD STAYTON and | : | |
| WILLIAM CURTIS CHILDREE, | : | |
| Defendants. | : | |
| _____ | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' SUPPLEMENT
TO DEFENDANTS' AMENDED CIPA § 5 NOTICE OF INTENTION TO
DISCLOSE CLASSIFIED INFORMATION**

Plaintiff, United States of America, by and through its counsel, respectfully responds to defendants' Supplement to Defendants' Amended CIPA Section 5 Notice of Intention to Disclose Classified Information ("Second Amended Notice") filed pursuant to Section 5(a) of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 (1994) ("CIPA"), and, in support thereof, represents the following:

1.     Notwithstanding defendants' three previous opportunities to provide a notice that complies with the requirements of Section 5 of CIPA, defendants' Second Amended Notice again fails to provide the requisite specificity necessary for the United States to identify the classified information that defendants expect to disclose at trial. United States v. Collins, 720 F.3d 1195, 1199 (11th Cir. 1983) ("The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case.").

2. In particular, defendants' Second Amended Notice at paragraph 16 provides the government with no meaningful description of the specific classified documents that defendants intend to use at trial. Defendants state, as they did in their previous two notices, that "[s]ome of the individuals identified in paragraphs 3 through 15 possess information, generated documents, viewed documents, and/or directed the creation of documents describing" one or more of seven different subject areas. (p. 17) But they fail to provide "any title, author, recipient, date, Bates number, or any other reasonably specific identifier," as the Court, consistent with the law of this Circuit, has required. Order of Judge Duffey, 10/26/07, at 4.

3. Defendants make no effort to excuse this defect. Rather, they simply suggest in a footnote that "[t]he defense does not have these documents and can not further describe them for purposes of CIPA disclosure. However the defense has provided, with particularity, the testimony arising from the knowledge of individuals described above." (p. 17)

4. Defendants' explanation is absurd. First, their suggestion that their arguably sufficient descriptions of the classified <u>testimonial</u> evidence somehow compensates for their undeniably insufficient descriptions of the classified <u>documentary</u> evidence finds no support in the law of this Circuit. CIPA plainly obligates defendants to provide adequate notice to the government prior to "the disclosure of classified information <u>in any manner</u>," be it testimonial or documentary in nature. 18 U.S.C. App. 3, § 5(a) (1994).

5. Second, defendants cannot be permitted to hold hostage the entire CIPA process simply because they have not obtained—due to their own lack of diligence—the classified documents they intend to use at trial. Discovery in this case has been ongoing since April 2006, allowing defendants more than 18 months to secure any and all documents in preparation for trial

of this case. Defendants have made no effort, nor can they, to explain why "[t]he defense does not have these documents." (p. 17)

6. In addition to their failure to identify documents referenced at paragraph 16, defendants also have attached as exhibits approximately 25 classified documents (including various classified facsimile cover sheets) that they seek to use at trial. At least twelve of these documents, including some of the aforementioned facsimile cover sheets, have never been provided to the government even though the government has repeatedly requested Rule 16(b) reverse discovery from defendants and even though defendant Jeffrey Stayton was under an obligation to provide them pursuant to a grand jury subpoena.[1]  See Grand Jury Subpoena Attachment of March 24, 2005, appended hereto as Exhibit A, at 1 (demanding, among other things, the production of any and all "documents . . . that relate to Contract Number DATMO5-02-C-0005, including but not limited to, all documents relating to the drafting, solicitation, administration, and execution of the Contract.")[2]

7. Furthermore, at least nine of the classified facsimile cover sheets are ones which the government received from defendant Stayton pursuant to a grand jury subpoena and then

---

[1] The government notes that the Court has before it a number of sanctions for defendants' failure to comply with the rules of discovery up to and including exclusion of the late-proffered evidence. See Fed. R. Crim. P. 16(d)(2).

[2] Defendant Stayton can make no argument that he believed these twelve documents to be non-responsive to the grand jury subpoena, as he provided in his subpoena response at least a dozen other facsimile cover sheets that involved the same personnel and events referenced in the newly-produced documents. Neither can defendant Stayton or his counsel suggest that either was unaware that these newly-produced documents were classified and, thus, subject to review under CIPA by the relevant classification authorities. Stayton's counsel was fully briefed by the Court Security Officer on the sensitivities (classified and otherwise) in this case and, in any event, some of the very individuals identified in these newly-produced facsimile cover sheets are classified witnesses identified in defendants' three Section 5 notices.

produced to both defendants in <u>redacted</u> form.  This Court approved those redactions on February 22, 2007.  <u>See</u> Order of Judge Fuller, 2/22/07, at 1.  Defendants' opportunity to challenge the use at trial of these redacted facsimile cover sheets has long since passed.  <u>See</u> Order of Judge Duffey, 7/20/07, at 1 (requiring defendants to file any challenges to the government's redactions "on or before July 27, 2007").  Defendants' transparent efforts now to circumvent this Court's Order by noticing these same documents in classified form should be rejected.

        8.       Defendants have had <u>three</u> opportunities to provide a notice that comports with the plain language of Section 5 of CIPA and the Court's Order of October 1, 2007.  The government stands ready to file its Section 6(a) motion and 6(b) notice by November 9, 2007, as this Court's Order requires, addressing only the specific information contained in defendants' Second Amended Notice.  The government respectfully submits that this Court should strike all portions of defendants' Second Amended Notice—paragraph 16, in particular—that fail to provide the requisite specificity.  Finally, to the extent that defendants seek leave to amend their notice to include additional information, their efforts should be rejected and any newly-proffered classified information should be excluded from use at trial, absent a showing by defendants of extraordinary circumstances.  18 U.S.C. App. 3, § 5(a) (1994) ("No defendant shall disclose any information known or believed to be classified in connection with a trial or pretrial proceeding

<u>until</u> the United States has been afforded a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6 of this Act . . . ." (emphasis added)).

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section<br><br>BY:   s/ Shaun M. Palmer<br>        Shaun M. Palmer<br>        Matthew L. Stennes<br>        Trial Attorneys<br>        Criminal Division, Public Integrity Section<br>        10th Street & Constitution Avenue, NW<br>        Washington, DC 20530<br>        Phone: (202) 514-1412<br>        Fax: (202) 514-3003<br>        Email: shaun.palmer@usdoj.gov<br>                  matthew.stennes@usdoj.gov | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

# CERTIFICATE OF SERVICE

I hereby certify on this 2nd day of November 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
P.O. Box 996
Macon, GA 31202-0996
(478) 743-4747

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section |
| BY:  s/Shaun M. Palmer<br>Shaun M. Palmer<br>Trial Attorney<br>Criminal Division<br>Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov | 10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |