IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| vs. | * | Cr. No. 1:06CR66-WSD |
| | * | |
| JEFFREY HOWARD STAYTON, and | * | |
| WILLIAM CURTIS CHILDREE, | * | |
| | * | |
| Defendants. | * | |

**DEFENSE MOTION TO CONTINUE TRIAL AND TO CONTINUE ALL DEADLINES**

Come now Jeffrey Howard Stayton and William C. Childree, by their respective undersigned counsel, who move the Court for the entry of an order continuing the trial of this matter and continuing all deadlines previously entered in this cause. In support of their motion, the following is shown to the Court:

1. This case is set for trial to begin Monday, November 26, 2007.

2. Pursuant to the Court's Opinion and Order of Friday, October 26, 2007, the court designated a schedule of a number of items that must be addressed before the case may proceed to trial. In particular, the Court gave the defendants until Tuesday, October 30, 2007, to file a final CIPA § 5 Supplement to previous filings which the Court found inadequate. (The defense maintains that the previous CIPA § 5 filing was sufficient to the extent that it, with particularity, identified persons whose identities and connections with the case are classified as well as the summary as to what they would testify to – information which they have in their heads, but which nevertheless is "classified information" contemplated by CIPA). The defense timely filed that final CIPA § 5 filing on Tuesday, October 30, 2007.

3. The Court's October 26, 2007 Opinion and Order also set deadlines for the

government to file a response no later than November 5, 2007. The government filed that response on November 2, 2007 (See dkt # 107). The Opinion and Order's next deadline is November 9, 2007, for the government to file its CIPA § 6(a) request for hearing, including notice under CIPA §6(b)(1) of the classified information at issue in the hearing. Thereafter, the defense will have until November 14, 2007 to file its response to the government's CIPA § 6 materials and the Court shall hold a sealed hearing, if one is requested by the government, on November 19, 2007, in Montgomery, Alabama – the date the case is presently set for a pretrial conference. Following a short week (November 22, 2007 is Thanksgiving), the trial shall proceed with jury selection on Monday, November 26, 2007.

4.    In its CIPA § 5 filings, the defense has identified a number of witnesses whose identities and connection with the events in this case have, to date, been deemed classified. Their presence and testimony at trial is critical to the defense to refute claims expected to be made by the government witnesses based upon the allegations in the indictment and further fleshed out in the Jencks materials which were disclosed on Saturday, October 13, 2007. Additionally, the documents provided in the October 30, 2007 CIPA § 5 filing corroborate contact between Mr. Stayton and a number of these witnesses and are also critical to the defense of the case for the reasons set forth in that sealed filing.

5.    Despite the exercise of diligence on their part defendants are unable to be prepared for the trial of this case on the date for which it is presently scheduled and to require them to go forward would result in the denial of their right to due process, their right to a fair trial, their right to confront witnesses and to compulsory process, and their right to the effective assistance of counsel, protected by the Fifth and Sixth Amendments.

6.  In light of the classified status of information and identities of various persons who would be called as witnesses for the defense in this cause, counsel for the defendants have necessarily refrained from attempting to contact and discuss certain information with certain witnesses out of their belief that scrupulous adherence to the protection of classified information was paramount. It was not until one of the undersigned counsel spoke by telephone with this case's Court Security Officer, Mr. Hartenstine, on November 5, 2007, that guidance was received and the sketch of a protocol for contacting certain individuals was clarified. All of the work for complying with the protocol will be required to be performed in the SCIF and that leads to another, profound problem which necessitates that defendants request this continuance.

7.  As the Court is aware, the SCIF is located in a portion of a building located on Maxwell Air Force Base in Montgomery, a building operated by the Department of the Air Force. While the staff (military and civilian) who routinely occupy the area that also serves as the SCIF for this case are cooperative and helpful, there have been tremendous access problems for counsel and their clients in using the SCIF. The building is only available for use by the defense during its usual operating hours, Monday through Friday from 7:30 a.m to 4:30 p.m. No access is available after closing time, during evening hours, on weekends or on federal holidays. These are times when defense counsel would ordinarily be doing much work in connection with this case. This restricted availability of the SCIF to the defense has presented a plethora of logistical problems. Certain filings, discussions between counsel, and discussions among counsel and their clients must occur within the confines of the SCIF and it is difficult to arrange for these to occur during times that the SCIF is available for use by the defense. To put it mildly, it has been a challenge to effectively use the SCIF in this case and that difficulty has hamstrung counsel in their efforts at effective

preparation. The problems with using the SCIF have been detailed to the Court Security Officer on several occasions and he recognized the difficult circumstances under which counsel have tried to labor given the problems with limited access to the SCIF. He conceded that the difficulties that have been experienced by counsel were not anticipated and that it was hoped that there would have been better access. When counsel inquired about a different SCIF, Mr. Hartenstine informed counsel that it would not be possible due to the extraordinary delay that would be occasioned by developing a new SCIF.

8. On Thursday, November 1, 2007, counsel for Mr. Stayton engaged in a telephone conference with the attorneys for the government regarding unrelated matters. At that time, defense counsel notified the government that the defense intended to file a motion to continue the trial and believed it would be necessary. The government attorneys notified defense counsel that they would oppose continuance of this trial.

## CONCLUSION

WHEREFORE, the defendants pray the Court will consider the matter set forth herein and, after due consideration, enter an order continuing the trial in this cause to such appropriate time as will afford the defendants adequate opportunity to fully and effectively prepare for the trial of this cause so that the Fifth and Sixth Amendment rights of the defendants may be fully respected.

RESPECTFULLY SUBMITTED this the 5th day of November, 2007.

                                                s/Joseph P. Van Heest
                                                **JOSEPH P. VAN HEEST**
                                                Counsel for Jeffrey Howard Stayton
                                                AL Bar Code: VAN026
                                                Law Office of Joseph P. Van Heest, LLC
                                                Post Office Box 4026

402 South Decatur Street
Montgomery, AL 36103-4026
(334) 263-3551
(334) 263-3227 (fax)
jpvanheestcourts@bellsouth.net


s/Stephen R. Glassroth
**STEPHEN R. GLASSROTH**
Counsel for William Curtis Childree
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
(478) 743-4747
(478) 743-4749 (fax)
steve.glassroth@gmail.com

**CERTIFICATE OF SERVICE**

      Undersigned counsel hereby certify that on November 5, 2007, the foregoing document was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter. The complete document was served through the procedures set forth by the Court Security Officer.

      s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
AL Bar Code: VAN026
Law Office of Joseph P. Van Heest, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
(334) 263-3551
(334) 263-3227 (fax)
jpvanheestcourts@bellsouth.net

      s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for William Curtis Childree
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
(478) 743-4747
(478) 207-3418 (fax)
steve.glassroth@gmail.com