IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | DOCKET NO. 1:06-CR-66-WSD |
| JEFFREY HOWARD STAYTON and | : | |
| | : | |
| WILLIAM CURTIS CHILDREE, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION TO CONTINUE TRIAL**

The United States of America, by and through undersigned counsel, respectfully submits this opposition to Defendants' Motion to Continue Trial. For a number of reasons, the requested continuance is unnecessary, inconvenient, and contrary to judicial efficiency and the interests of justice. Further, the articulated need for delay is a product of defendants' own making and should not be accommodated by the Court.

**FACTUAL HISTORY**

In support of its opposition, the government submits the following facts:

1. This case was indicted by a grand jury in the Middle District of Alabama more than twenty months ago, on March 1, 2006. The Court initially established a trial date of September 11, 2006.

2. On June 28, 2006, the defendants jointly moved for a continuance of the trial date, in light of the classified information and other complex issues in the case. The government did not

oppose this motion. On July 18, 2006, the Court issued an Order resetting the trial date to the trial term beginning July 9, 2007.

3.  By March 6, 2007, after a full classification review of the discovery materials and background checks of defense counsel, the government had produced to defendants the great majority of Rule 16 discovery materials in this matter. On a few occasions in the ensuing months, the government supplemented this material with small productions of supplemental, newly discovered material.

4.  In a series of filings and hearings between March 19 and March 30, 2007, the parties and the Court addressed defense concerns regarding a process for defense counsel interviews of government employee witnesses, to include employees of the entities with interests in the classified material purportedly at issue in this case. At the direction of the Court, the parties negotiated and agreed upon a procedure for such contacts and memorialized this in a report to the Court. Specifically, as of March 30, 2007 – more than eight months ago – the parties agreed to the following procedure:

> *For Witnesses Identified by Name in the Security Briefing Provided to Defense Counsel*
>
> Defense Counsel may contact these witnesses directly to request an interview without providing notice to the prosecution. If the witness agrees to make him or herself available for interview, the defense agrees to conduct any such interview pursuant to the applicable Touhy regulations.

> *For Witnesses Not Named in the Briefing, Employed by the Government, or Who Reasonably Might Possess Classified or other National Security Information:*
>
> Defense counsel will contact the Court Security Officer (CSO) with a request to interview any such individual. Defense counsel do not need to provide notice to the prosecution. The CSO will identify and contact the appropriate government entity to find the requested individual, request the interview, and make appropriate arrangements for an interview, if necessary. Defense counsel agrees to conduct any such interview pursuant to the applicable Touhy Regulations.

Docket Entry No. 59.

5. On July 26, 2007, after a candid discussion with all parties at a July 17, 2007 status conference, the Court issued an Order establishing the current trial date of November 26, 2007. It was the government's understanding from that status conference that this would be a firm trial date, absent extraordinary circumstances.

6. The Court's scheduling orders issued July 20, 2007 and July 26, 2007 established a detailed schedule for procedures under the Classified Information Procedures Act (CIPA), motions *in limine*, and various other pretrial filings. The government has worked diligently to meet each of the deadlines in what has been, at times, an aggressive schedule, given the government's expectation and hope that the current trial date would stand.

**ARGUMENT**

A change in the trial date at this late juncture, less than twelve days before the government is scheduled to move its trial team to Alabama and only twenty days before trial, would create significant logistical problems. The government has made travel arrangements for approximately a dozen witnesses, most of whom are traveling from out-of-state, and at least three of whom are scheduled to return from overseas assignments because of this case. The government has made hotel arrangements for a five-person trial team, and has reserved use of U.S. Attorney's Office space in the courthouse. On a personal level, members of the trial team have also made vacation plans and scheduled important events on other cases for January and February on the reasonable assumption that this trial date would stand. Put simply, making changes to all of these arrangements at this late date would be a logistical – and financial – nightmare.

Defendants' argument that it needs additional time to reach out to "classified" witnesses rings hollow. As set forth above, there has been a detailed procedure in place for more than seven months, through which the defense could have reached out to any government employee, classified or not, to discuss this case. There has been no reason for defendants to have "refrained" from seeking to interview these witness until now. These are witnesses with whom Mr. Stayton purportedly dealt and there should have been no mystery to defendants as to those witnesses' identities. In fact, as detailed above, the negotiated process *expressly contemplated* that the witnesses defendants might seek to interview in connection with this matter would likely possess classified information. There was no suggestion defendants would have to wait until

4

CIPA issues were settled before conducting such interviews.  Further, nothing in the Jencks production should have impacted the defendant's ability to diligently prepare for trial by conducting necessary witness interviews.  This process, which defense counsel themselves negotiated and agreed upon, has been in place for more than seven months. To the government's knowledge, the defendants have made no effort to reach out to a single witness through this process.  Defendants failure to avail themselves of this process should not now be excused by a grant of additional delay.[1]

Defense protestations regarding the "difficulties" in accessing the secure facilities at Maxwell Air Force Base are also unpersuasive and do not warrant further continuance.  Granted, this case has posed logistical and procedural challenges for all parties, to include the Court and the government.  However, we have all dealt with these challenges, and tolerated the inconveniences in order to move this case toward a timely and just resolution.  Defendants have had plenty of time and opportunity over the many months since access to the secure facility at Maxwell AFB was first granted in order to accomplish all of the discovery review and trial preparation necessary to defend this case, notwithstanding the logistical challenges which we all faced in this case.  Any assertion that defendants have not had enough opportunity is a problem of their own making.

---

[1]The government notes that, should the Court grant the Government's Motion *in Limine* to Exclude Reference to [Certain Classified Information] [Docket No. 88] and Motion *in Limine* to Preclude Defendants From Presenting a Public Authority Defense [Docket No. 89], the classified witnesses to whom the defendants insist they need to talk and subpoena will become irrelevant, thus negating the justification for further delay.

**CONCLUSION**

It has been more than twenty months since indictment in this case. The government has diligently worked to provide discovery to defendants in a timely manner (including providing early-Jencks disclosure far earlier than required), and defendants have had more than enough time to prepare for trial. The "classified case" justification for an extension has already been built into the current, already long-overdue, trial date on a number of occasions. Defendants' plea for further delay is uncompeling. Put simply, the public's interest in moving this case to trial under the current schedule outweighs the defendants' asserted need for additional time. There have been enough delays in this case. The interests of justice will be served by maintenance of the current trial schedule.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division |
| BY:   s/ Matthew Stennes<br>Shaun M. Palmer<br>Matthew L. Stennes<br>Trial Attorneys<br>Criminal Division, Public Integrity Section<br>10th Street & Constitution Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-1412<br>Fax: (202) 514-3003<br>Email: shaun.palmer@usdoj.gov<br>         matthew.stennes@usdoj.gov | Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |

Dated: November 6, 2007

### CERTIFICATE OF SERVICE

I hereby certify on this 6th day of November 2007, that I filed the attached document with the ECF system, which provides electronic service to the following:

Stephen R. Glassroth, Esq.
William A. Bootle U.S. Courthouse
475 Mulberry Street
PO Box 996
Macon, GA 31202-0996

Joseph P. Van Heest, Esq.
Law Office of Joseph P. Van Heest, LLC
402 South Decatur Street
Montgomery, AL  36104
(334) 263-3551.

RESPECTFULLY SUBMITTED,

|  |  |
|---|---|
| William M. Welch II<br>Chief<br>Public Integrity Section<br><br>BY: s/Matthew Stennes<br>   Shaun M. Palmer<br>   Trial Attorney<br>   Criminal Division<br>   Public Integrity Section<br>   10th Street & Constitution Avenue, NW<br>   Washington, DC 20530<br>   Phone: (202) 514-1412<br>   Fax: (202) 514-3003<br>   Email: shaun.palmer@usdoj.gov | Mariclaire Rourke<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterespionage Section<br>10th St. & Constitution Ave., NW<br>Washington, DC 20530<br>Phone: (202) 514-1187<br>Fax: (202) 514-2836<br>Email: mariclaire.rourke@usdoj.gov |