## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **1:06-cv-00066-WSD-CSC** |
| **JEFFREY HOWARD STAYTON,** and **WILLIAM CURTIS CHILDREE,** | |
| Defendants. | |

## OPINION AND ORDER

The Matter is before the Court on the United States of America's ("the Government") Motion in Limine to Preclude Defendants from Presenting a Public-Authority Defense [89].

In its Order of July 20, 2007 [72], the Court set various deadlines for pretrial motions and notices in this matter. The Court ordered that, "All pretrial motions under Federal Rules of Criminal Procedure 12(b) and (d), 14, and 16, all notices under Federal Rules of Criminal Procedure 12.1, 12.2 and 12.3, and any motion to compel pursuant to this court's standing order on discovery must be filed on or before **August 8, 2007**. Unless otherwise ordered by the court, the continuance of

the trial of this case will not extend the time for filing pretrial motions."  July 20, 2007 Order [72] at 1-2 (emphasis in original).

The Federal Rules of Criminal Procedure provide that any defendant who "intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense . . . must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets."  Fed. R. Crim. P. 12.3(a)(1).

A "public authority" defense in the Eleventh Circuit is an affirmative defense in which the defendant seeks to show he reasonably relied on authority of the Government or a government official to authorize otherwise illicit conduct. United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994). The "public authority" defense is valid only if "the government agent in fact had the authority to empower the defendant to perform the acts in question."  Id.  A defendant acting pursuant to authorization from a government official who had actual authority to empower the defendant does not commit a crime.  Id.  The Eleventh Circuit does not recognize a public authority defense in situations where

-2-

the government agent does not possess actual authority.  Acting on "apparent" government authority is not a valid defense.  Id.

The Government moves to prohibit Defendants from presenting a "public authority" defense because Defendants have not provided notice of their intention to use the defense within deadlines established by the Court and Rule 12.3. Defendants respond that they do not intend to offer a "public authority" defense, but then argue they properly notified the Government of their intention to use the "public authority" defense through their notices of intent to disclose classified information pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 5.  The Court considers first if Defendants provided proper notice.

Defendants did not provide adequate notice of an intent to rely on the "public authority" defense within time limits established by the Court and as required by Rule 12.3 of the Federal Rules of Criminal Procedure.  Defendants argue that their CIPA § 5 filings provided adequate notice under Rule 12.3.   This argument ignores the specific notice requirements of Rule 12.3 and the order of this Court.  Assuming Defendants' CIPA § 5 filings contained the information required by Rule 12.3, which they do not, Defendants' alleged "notice" failed to be

filed by the Court's August 8, 2007 deadline.  The Court observes that Defendants'

first CIPA § 5 notice was not filed until August 31, 2007, over three  weeks after

the Court's August 8 deadline.  See Defendants' CIPA § 5 Notice of Intention to

Disclose Classified Information [84].  Defendants have not offered any reason for

the delay in filing their claimed "notice," likely because they recognize the CIPA §

5 filing does not constitute, nor did they intend for it to constitute, adequate notice

under Rule 12.3.  Because notice was not provided, the Court grants the

Government's motion in limine and precludes Defendants from relying at trial on a

"public authority" defense.

Defendants also argue they should be permitted to introduce evidence

showing that certain government officials closely supervised the project at issue in

this matter and that these officials reviewed, and at times approved, various

decisions that the Government now contends are evidence that Defendants'

committed fraud and/or the offense of bribery.  Defendants argue this official

scrutiny discredits the claim that they acted with the intent necessary to be found

guilty of the charges brought against them [95].

Defendants are charged with multiple counts of honest services wire fraud

and bribery in connection with a $61,071.75 payment from Mr. Childree to

Mr. Stayton.  The charged offenses require the Government to prove that the

Defendants acted with specific intent.  Defendants' proposed defense thus does not

appear to be that public officials authorized a $61,071.75 payment, but rather that

Defendants would not and could not have acted with specific intent, knowing of

the close scrutiny given to the project by government officials.  Defendants have

not disclosed the specific evidence they intend to introduce in support of their

"negation of intent" defense.  This order precludes Defendants only from

presenting evidence to support a "public authority" defense based on their actual or

believed exercise of public authority, actual or apparent, taken on behalf of a law

enforcement or federal intelligence agency.  The Court does not speculate on what

evidence Defendants might offer to negate their intent or whether such evidence

would be admissible.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the United States of America's Motion in

Limine to Preclude Defendants from Presenting a Public-Authority Defense [89] is

**GRANTED**.  Defendants are precluded from relying on the actual or apparent

authority of government officials to authorize their conduct.

-5-

**SO ORDERED** this 16th day of November 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE