IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY HOWARD STAYTON, <br> and <br> WILLIAM CURTIS CHILDREE, <br><br> Defendants. | 1:06-cr-66-WSD |

## OPINION AND ORDER

The matter is before the Court on the United States of America's (the "Government") Motion in Limine to Preclude Defendants' Admission into Evidence of Hearsay [90].

The Government seeks to preclude admission of a handwritten letter purportedly dated January 9, 2002, from defendant Stayton to defendant Childree ("the Letter"). In the Letter, Stayton characterizes the $61,071.75 payment he received from Childree in January 2002 as a loan.

In an indictment returned March 1, 2006, the Government charges Defendants with two counts each of honest services wire fraud, one count each of bribery, and the Government charges defendant Stayton with obstruction of justice.

The obstruction of justice charge alleges Stayton provided false testimony to a Grand Jury in June 2005 by stating that the January 2002 payment by defendant Childree on Stayton's behalf was a loan, rather than a gift.

The Government has questioned the Letter's authenticity. Soon after the Letter was first produced to it by Childree's counsel on July 17, 2007, the Government tested the original Letter to determine when it was written. The Government's tests were inconclusive.

The Government moves to exclude the Letter on the basis of inadmissible hearsay. In response, the Defendants argue (1) that if Stayton testifies at trial, the Letter is admissible non-hearsay under Fed. R. Evid. 801(d)(1)(B) as a prior consistent statement; (2) that the Letter falls under the "interest in property" hearsay exception, Fed. R. Evid. 803(15); or (3) that the Letter should be admitted under the Residual Exception to the hearsay rule, Fed. R. Evid. 807.

The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The Letter is a statement made outside of trial by defendant Stayton, and Defendants intend to

offer it as proof that the payment from Childree was, in fact, a loan. The Letter fits within the classic definition of hearsay.

The Federal Rules of Evidence, however, classify as non-hearsay an out-of-court statement which is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(B).

The plain text of Rule 801(d)(1)(B) states that a prior consistent statement must be one of the declarant and must be consistent with the declarant's in-court testimony. Both parties admit, accordingly, that the Letter is not admissible as a "prior consistent statement" unless its declarant, defendant Stayton, testifies at trial. The Rule's plain text also makes clear that a prior consistent statement can be used only to rebut an express or implied charge of recent fabrication against the statement's declarant. The Letter can thus be offered only to rebut charges of fabrication against defendant Stayton. Even if defendant Stayton testifies at trial, Rule 801(d)(1)(B) does not permit admissibility of the Letter for any purpose as to defendant Childree.

Where the parties disagree, however, is whether the "express or implied charge against the declarant of recent fabrication or improper influence or motive"

must be made at trial, or whether the Government's charge against Stayton for obstruction of justice itself qualifies as a charge of recent fabrication. The parties have not identified any appellate cases discussing whether charges of fabrication must be made against the declarant at trial. The Court's review of 11th Circuit precedent confirms the lack of appellate guidance on this issue. "A district court is granted broad discretion in determining the admissibility of a prior consistent statement under Fed. R. Evid. 801(d)(1)(B) . . . ." United States v. Prieto, 232 F.3d 816, 819 (11th Cir. 2000). In the absence of guiding precedent, the Court uses its broad discretion in interpreting Rule 801(d)(1)(B).

No logical construction of Rule 801(d)(1)(B) would require that a charge of recent fabrication be made at the trial, without considering whether the Government's charges allege recent fabrication. The Government's obstruction of justice charge against Stayton expressly alleges that Stayton testified falsely before a Grand Jury on the very issue of whether the payment was a loan or a gift. The Government's charge, at its core, alleges that sometime before giving testimony to the Grand Jury, Stayton determined to fabricate his testimony by describing the payment as a loan. If Stayton were to testify at trial and state that the Government's obstruction of justice charge fails because the payment was, indeed,

a loan, the Letter would be a statement by Stayton consistent with his in-court testimony and made prior to any alleged fabrication. This is exactly the sort of statement contemplated by the Rule. See Tome v. United States, 513 U.S. 150, 167 (1995) (Rule 801(d)(1)(B) "permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or motive.").

The Court therefore holds that if Stayton testifies at trial and describes the payment from Mr. Childree as a loan, then Stayton may offer the Letter as a prior statement consistent with his in-court testimony.[1,2]

Defendants also argue that the Letter falls within the "interest in property" exception to the hearsay rule. Fed. R. Evid. 803(15) provides an exclusion to the hearsay rule for, "A statement contained in a document purporting to establish or

---

[1] The Court expresses no opinion in this Order on any other conditions for admissibility of the Letter, such as authentication, and the Court expresses no opinion on the Letter's credibility or the weight to be given to the Letter by the jury.

[2] Because admissibility of the letter is tied to Stayton's testimony at trial, only Stayton may refer to it in his opening and only if he clearly and unequivocally states he will testify in his defense.

affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document." Fed. R. Evid. 803(15). Defendants contend the Letter creates a loan arrangement between Childree and Stayton in which Stayton agrees to repay the loan upon sale of his residence. Even assuming the existence of that arrangement, the Letter does not purport to create a property interest in Stayton's residence. The Letter does not offer Stayton's home as collateral to the loan. Stayton's promise to pay Childree back upon sale of his home is, at most, a condition precedent to repayment, which itself does not establish any property interest. Fed. R. Evid. 803(15) does not apply.

     Defendants lastly argue that the Letter should fit under the Residual Exception to the hearsay rule. The Residual Exception provides: "A statement not specifically covered by [another exception to the hearsay rule] but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through

reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." Fed. R. Evid. 807. Defendants contend the Letter is the most probative evidence on whether the payment was a loan or a gift.

The Court agrees with Defendants that the Letter is offered as evidence of a material fact, and the Court accepts that the Letter is probative of whether the payment was, indeed, a loan. The Court cannot admit the Letter under the Residual Exception, however, because the Letter lacks equivalent circumstantial guarantees of trustworthiness. The parties do not dispute that the Letter was first produced to the Government in July 2007. The parties also do not dispute several intervening events between the date on which the Letter purportedly was written and the date on which Defendants produced the Letter to the Government, including three separate subpoenas to defendants Stayton or Childree and several interviews by Government agents. In response to none of those subpoenas or interviews did either Defendant reference the existence of a loan from Childree to Stayton or the existence of the Letter. Defendants' discovery obligations in this matter began in March 2006, yet they did not produce the Letter to the Government until July 2007.

The Court determines that the Letter's origins cast suspicion over its authenticity. The fact that neither Defendant provided the Letter to the Government until over two years after its existence was first disclosed causes the Court to speculate whether the Letter in fact existed in 2002. If so, the Letter was a highly probative piece of evidence in favor of the Defendants that they inexplicably chose not to produce in discovery. Those facts lead the Court to question whether the Letter possesses circumstantial guarantees of trustworthiness, and, therefore, the Residual Exception does not apply.[3]

In summary, the Letter is non-hearsay only if defendant Stayton testifies at trial and states that the payment from Childree was a loan. The Letter is then admissible as Stayton's prior statement consistent with his in-court testimony to rebut the Government's charge of false testimony to the Grand Jury. Otherwise, the Letter is inadmissible hearsay. The Court reserves for trial any decision on the Letter's authenticity or evidentiary weight.

---

[3] The Court reiterates that it expresses no ruling or opinion in this Order as to the Letter's authenticity. The preceding discussion exists solely to explain why the Letter does not fall within the Residual Exception. To the extent the Letter is otherwise admissible under some other Rule of evidence, the Court reserves for trial any ruling on the Letter's authenticity.

**SO ORDERED** this 26th day of November 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE