IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs.                                          ) | CR. NO. 1:06cr66-WSD |
| ) | |
| JEFFREY HOWARD STAYTON       ) | |
| WILLIAM CURTIS CHILDREE       ) | |

**DEFENDANT STAYTON'S SENTENCING MEMORANDUM**

COMES NOW, defendant Jeffrey Howard Stayton, by undersigned counsel, and, through the filing of this Sentencing Memorandum, prays that this Honorable Court will review the matters set forth herein, and fashion a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a).

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the 18 U.S.C. § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). In determining an appropriate sentence, this Court must first determine the calculated advisory sentencing guidelines range, including all departures as set out in the United States Sentencing Guidelines. Once the Court has determined the correct advisory guidelines range, it must then determine whether it finds it to be appropriate and reasonable to vary from that advisory sentencing guidelines range in order to meet the requirements of *Booker*, *supra*, and 18 U.S.C. § 3553(a).

In the Presentence Investigation Report, (hereinafter "PSI"), the probation officer calculated an advisory sentencing guidelines range of 63-78 months. This advisory guidelines range did not include departure downward for aberrant behavior, though the probation officer did suggest that the Court may want to consider such a downward departure. *See* PSI, Part E, p. 12, ¶¶ 55-56. For the

reasons set forth below, Mr. Stayton proposes that this Court find his behavior was "aberrant" within the confines of U.S.S.G. § 5K2.20, and impose a downward departure to a lower advisory guidelines range. Mr. Stayton requests that this Court consider a request for a three-level downward departure for aberrant behavior but that, following an independent review at sentencing, it rely on its own judgment and discretion in imposing a downward departure.

<u>Aberrant Behavior: U.S.S.G. § 5K2.20 and 18 U.S.C. § 3553(a)</u>

Mr. Stayton requests that this Honorable Court, after reviewing the facts adduced at trial and the arguments set forth herein, grant a downward departure from the calculated sentencing guideline range, or in the alternative, a variance downward and impose a sentence below the calculated advisory sentencing guideline range. This request is based upon the aberrant behavior of this defendant which led to the actions constituting the offenses of conviction in the above-styled cause. In support of this motion, Mr. Stayton states the following:

Mr. Stayton was indicted for two counts of honest services wire fraud, one count of bribery, and one count of obstruction of justice. Following a jury trial in December, 2007, he was convicted of two counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 & 1346, and one count of obstruction of justice, in violation of 18 U.S.C. § 1503. The jury acquitted Mr. Stayton of the bribery count.

The honest services wire fraud convictions stem from actions involving a government contract in 2001, and payment by Mr. Stayton's co-defendant, William Curtis Childree, to Mr. Stayton's second-mortgage holder, Countrywide Loans, of a sum of $61,071.75, representing the entire amount of a second mortgage on Mr. Stayton's personal residence in Spotsylvania, Virginia. Mr. Stayton failed to inform his ethics advisor of the receipt of the benefit, and to disclose the matter

on his annual financial disclosure forms following the receipt of this benefit. The Court, having presided over the trial of this case, is intimately familiar with the facts surrounding this case. Therefore, Mr. Stayton will not set out these facts but will ask the Court to rely upon its own observations and review of the evidence at trial.

Additionally, Mr. Stayton testified before a federal grand jury in June, 2005, and therein characterized the benefit received as a loan rather than a gift. At trial, the jury found Mr. Stayton guilty of testifying falsely to that grand jury when he characterized the payment as a loan. This action constituted the conduct set out in count five in the indictment and led to the conviction for obstruction of justice, pursuant to 18 U.S.C. § 1503. Again, the Court having presided over the trial is aware of all relevant facts from which the charge and conviction arose.

Mr. Stayton is a fifty-seven (57) year-old man with no criminal history whatsoever prior to the charges from which the convictions stem. *See* PSI, Part B, p, 6, ¶¶ 26-28.

Mr. Stayton's employment record illustrates long-term stable employment, first as active duty with the United States Army, then, following retirement from active duty with the Army, a term of employment as a civilian with the United States Army. Mr. Stayton was one of a very select few to attain the rank of Chief Warrant Officer 5 while on active duty. During his association with the Army both on active duty and as a civilian following his retirement from active duty, Mr. Stayton's job performance consistently rated superior or outstanding in all of his duties. *See* Presentence Report, Part C, p. 8, ¶ 37. Additionally, the Court heard testimony and saw evidence of Mr. Stayton's personnel file, which was introduced as an Exhibit during trial.

In Mr. Stayton's PSI, Part E, Circumstances That May Warrant Departure, the probation officer suggests that the Court may wish to consider whether or not the offense is indicative of

aberrant behavior by the defendant.

Pursuant to the United States Sentencing Guidelines, § 5K2.20, "... a downward departure may be warranted in an exceptional case if (1) the defendant's criminal conduct meets the requirements of subsection (b); and (2) the departure is not prohibited under subsection (c)." Subsection (b) sets forth the requirements for imposition of a downward departure under the policy statement, and require that the "defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." The four circumstances described in U.S.S.G. § 5K2.20(c) which would prohibit this downward departure are not present here.

Unquestionably, this conduct represents a marked deviation by the defendant from an otherwise law-abiding life, as described in U.S.S.G. § 5K2.20(b)(3). Therefore, the question of appropriateness of a downward departure here rests, as described by the probation officer in the PSI, upon "the Court's determination of whether or not this offense was committed without signficant planning and was of limited duration." *See* PSI, at Part E, p. 12, ¶ 56. Should the Court determine that the grand jury testimony which comprised the conviction in Count 5 was evidence of "significant planning" (which the defendant does not concede) or that its timing in June 2005 eliminates a finding of "limited duration" then the downward departure under U.S.S.G. § 5K2.20 would fail. While Mr. Stayton recognizes that the facts may be imperfect with regard to this position as to aberrant behavior under the sentencing guidelines, such a finding does not foreclose a more generalized definition of aberrant behavior from being considered.

Variance Based upon Aberrant Behavior

In the event that the Court finds that the conduct does not fit the specific requirements for a downward departure pursuant to U.S.S.G. § 5K2.20, the Court may still, if it chooses, find that the conduct is "aberrant" to an extent not fitting the specific guideline for a downward departure, but warranting a sentence lower than one within the calculated sentencing guideline range. Accordingly, it may apply a downward variance to a sentence the Court deems reasonable pursuant to the factors set forth in 18 U.S.C. § 3553(a). The aberrant behavior would be encompassed within two factors set out in 18 U.S.C. § 3553(a). First, the broadly stated "history and characteristics of the defendant" is a factor to be considered by the Court in imposing a sentence. 18 U.S.C. § 3553(a)(1). The conduct for which Mr. Stayton was convicted herein is far different than the conduct in which all evidence indicates he engaged throughout his lifetime. This aberration in conduct is worth consideration by this Court in determining an appropriate and reasonable sentence. Additionally, 18 U.S.C. § 3553(a)(2)(C) instructs that the Court consider the need "to protect the public from further crimes of the defendant." Mr. Stayton is very unlikely to engage in any further criminal conduct, which would make this conduct "aberrant" within the scope of his life experience. For these reasons, even if the Court determines that Mr. Stayton's conduct does not fall within the narrowly tailored basis for a downward departure for aberrant behavior under U.S.S.G. § 5K2.20, the Court may still consider the aberrant nature of his conduct in fashioning an appropriate and reasonable sentence through a variance to a sentence below the calculated advisory sentencing guidelines range.

<u>Variance Pursuant to Alleviating Unwanted Disparities – 18 U.S.C. § 3553(a)(6)</u>

One factor that the law encourages sentencing courts to consider in imposing a sentence is the goal of avoiding unwarranted sentence disparities. Specifically, one factor that the Court should

consider in imposing a sentence is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". 18 U.S.C. 3553(a)(6). Due to a unique fact pattern and guidelines manual application, such an unwarranted sentence disparity appears to exist between Mr. Stayton advisory sentencing guidelines range and that of his co-defendant Mr. Childree. Additionally, Mr. Stayton's sentencing guideline range, if sentenced without the benefit of a variance downward, would create a similar unwarranted disparity between Mr. Stayton and all other criminal defendants being sentenced for conduct similar to his which occurred during the 2001-2002 time period.

The United States Sentencing Guidelines Manual used in Mr. Stayton's case was the 2007 guidelines manual. *See* PSI, p. 4, ¶ 12. Had the conduct for which Mr. Stayton was convicted of Count Five not occurred in June, 2005, then the United States Sentencing Guidelines Manual which was in effect in January, 2002 (the time of the occurrence of the actions comprising Counts One and Two), would have been the applicable guidelines manual. That manual was the 2001 guidelines manual, and would have resulted in a less guidelines range. In fact, the sentencing range which would apply to counts one and two if those were the only counts of conviction would be 33-41 months, rather than the 63-78 month guideline range found in Mr. Stayton's PSI.

The 2007 guidelines manual resulted in a total offense level of 26 and a criminal history category of I, for a guidelines range of 63-78 months. The 2001 guidelines manual would have resulted in a total offense level of 20 and a criminal history category of I, for a guideline range of 33-41 months. Mr. Stayton's co-defendant, Mr. Childree, faces a guideline range of 33-41 months based upon this very guideline range, for the same conduct comprising counts one and two. Therefore, Mr. Stayton's calculated sentencing guideline range is nearly double that of Mr. Childree

based solely upon Mr. Stayton's conviction for obstruction of justice under count five of the indictment and the timing of that offense.

Mr. Stayton's guideline range, then, creates a disparity between his own conduct and the like conduct of his co-defendant, as well as all others who had engaged in and been convicted of similar activities during the time period in which the honest services wire fraud occurred. This disparity is caused by what can only be described as an unintended flaw in the guidelines sentencing system. However, following the United States Supreme Court's opinion in *United States v. Booker*, *supra*, this Honorable Court has the ability to review the factors set forth in 18 U.S.C. § 3553(a), and impose a sentence which is reasonable under those factors, even if such a sentence is outside the calculated guideline range and does not fit squarely into one of the delineated grounds for a downward departure. Here, such a sentence is appropriate.

Mr. Stayton proposes the following analysis and process which he believes would avoid the unwanted disparity in the guidelines application, while at the same time accomplishing the task of accounting, at sentencing, for the conduct in count five for which he was convicted, but which did not involve his co-defendant, Mr. Childree. That process is as follows:

If the Court is concerned about the disparity between the calculated guidelines ranges of the two co-defendants, and the disparity between Mr. Stayton's conduct and conviction under counts one and two, with others convicted of similar conduct during a similar time period, it may fashion a sentence which is below the guideline range calculated by using the 2007 guidelines manual, but still higher than the sentencing guideline range calculated by using the 2001 guidelines manual (as was used in calculating co-defendant Childree's sentencing range). This would avoid the unwanted disparity, while at the same time accounting for the conviction in count five.

Mr. Stayton proposes that the court fashion this sentence by first, calculating the appropriate guideline range under the 2001 guidelines manual, for counts one and two, and then adding to that range, the calculated guideline range which would be appropriate if Mr. Stayton had been convicted *only* of count five. Simply put, this calculation would be reached by "splitting" the guidelines. Since, the conduct comprising the conviction in count five occurred in June, 2005, the 2004 guidelines manual could be used for calculating the guideline range for count five. (The 2004 guideline manual and the 2007 guideline manual reach the same conclusion by using the same analysis).

Splitting the guidelines manuals between the 2001 guidelines manual (for the convictions in counts one and two) and the 2007 guidelines manual (for the conviction in count five) would result in a guideline range for counts one and two of 33-41 months, and a sentencing guideline range of 15-21 months for count five. (U.S.S.G. § 2J1.2 offense level of 14 and criminal history category of I results in a guideline range of 15-21 months). Adding the two sentencing guideline ranges together would result in a range of 48-62 months.[1] Mr. Stayton proposes that the Court may, if it chooses, impose a reasonable sentence by imposing a variance below his calculated guideline range of 63-78 months, and, by splitting the guideline manuals for the different offenses, avoid the unwarranted disparity between conduct for counts one and two, while at the same time, taking into account the conduct for count five. While the strict application of the sentencing guidelines does not permit

---

[1] This proposed sentencing range does not take into account any other grounds for variance which the Court may consider, and does not consider any downward departure for aberrant behavior pursuant to U.S.S.G. § 5K2.20. If the Court determines that such a downward departure is appropriate or that other factors warrant a variance downward from the calculated guideline range, Mr. Stayton simply asks that this Court consider this factor and exercise its discretion accordingly.

splitting of guidelines manuals to calculate a sentencing guidelines range, it may very well be both appropriate and reasonable to impose a variance downward from the calculated advisory sentencing guidelines range by doing just this to accommodate the factors set forth above and avoid unwarranted sentencing disparities.

Factors Set Forth in 18 U.S.C. § 3553(a)

18 U.S.C. § 3553(a)(1) instructs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant". This Court has had ample opportunity to review the evidence at trial and is well aware that Mr. Stayton was convicted on counts one, two, and five, and acquitted on count three. Thus, as stated above, the defense will not spend time here rehashing the "nature and circumstances of the offense". The history and characteristics of the defendant are also factors to be considered by the Court in imposing a particular sentence. Unfortunately, the law does not provide the Court any assistance on how it weighs the broad factors of the nature and circumstances of the offense and the history and characteristics of the defendant. Therefore, with respect to the history and characteristics of the defendant, Mr. Stayton can only provide for the Court's consideration, in addition to what was stated in the presentence report, and introduced at trial through witnesses for both the prosecution and the defense, some background through testimonials in letters by family and friends. Mr. Stayton offers the attached items as exhibits for consideration by the Court in imposing a sentence. He asks this Honorable Court to exercise its judicial discretion and lifetime of experience and determine whatever weight it believes is appropriate to give these letters, and, if the Court deems it appropriate, to consider this evidence for the purpose of a variance downward from the calculated advisory sentencing guidelines range.

> Exhibit A: Letter of Vivian Stayton (wife of defendant Jeffrey Stayton) and attached photo of daughters, Rachel Stayton and Jessica Stayton
>
> Exhibit B: Letter of Paul Terry and Harriett Terry (father-in-law and mother-in-law of defendant Jeffrey Stayton)
>
> Exhibit C: Letter of Frank Lewis and Karren Lewis (brother-in-law and sister-in-law of defendant Jeffrey Stayton)
>
> Exhibit D: Letter of John Wilson (friend of Jeffrey Stayton and Vice President of Vose Technical Systems, Inc.)

18 U.S.C. § 3553(a) provides instruction to the Court that it shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). These purposes are "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.*

The purposes in subsections (2)(A) and (2)(B) can not reasonably be quantified by the defense, and not likely by the government either. The Court must rely upon its independent discretion and judgment based upon its own experience, as to how severe a sentence is necessary to accomplish the purposes set forth in (2)(A) and (2)(B). The defendant would suggest, as to the other two purposes, that there is not a need to protect the public from further crimes of the defendant, because any further crimes are extremely unlikely based upon Mr. Stayton's background over a lifetime of nearly fifty-eight years. Additionally, Mr. Stayton is not in need of any educational or

vocational training, medical care, or other correctional treatment. Consequently, the purposes in (2)(C) and (2)(D) would provide little reason for any sentence of incarceration, leaving the Court with its independent judgment in determining the extent of the sentence to be imposed based upon the purposes identified in (2)(A) and (2)(B).

The factors identified in § 3553(a)(4) and (5) are encompassed in the calculated sentencing guidelines range which is covered extensively in the PSI, the (a)(6) factor concerning avoiding unwarranted sentence disparities has been addressed above, and the (a)(7) factor regarding the need to provide restitution to any victims of the offense is not applicable as stated in the PSI, p. 12, ¶¶ 53-54.

## CONCLUSION

WHEREFORE, for the reasons set forth below, defendant Jeffrey Howard Stayton prays that this Honorable Court will consider the matters set forth herein, exercise its discretion and judgment in determining a reasonable and appropriate sentence, and fashion a sentence which is less severe than that proposed in the advisory sentencing guidelines range.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
AL Bar Code: VAN026
Law Office of Joseph P. Van Heest, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
(334) 263-3551
(334) 263-3227 (fax)
jpvanheestcourts@bellsouth.net

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on February 25, 2008, the foregoing document was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
Counsel for Jeffrey Howard Stayton
AL Bar Code: VAN026
Law Office of Joseph P. Van Heest, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
(334) 263-3551
(334) 263-3227 (fax)
jpvanheestcourts@bellsouth.net
